Read vs. Morse and others.

## READ VS. MORSE and others.

34 315|
96 281.
96 285

NEGLIGENCE. (1) *Reasonable care, only, required in the use of fire to produce motive power.* (2) *Reasonable or ordinary care defined.* (3, 4) *Case stated : Erroneous instructions.*

COURT AND JURY. (5) *When question of negligence not to be submitted to jury.*

1. One who employs fire for the purpose of generating steam as a propelling power, or for any other purpose under circumstances which render it specially dangerous to others, is held only to " reasonable " or " ordinary " care.
2. Reasonable or ordinary care is a *relative* term, and denotes the degree of caution which would be exercised by a person of ordinary prudence *under the particular circumstances of the case.* *Ward v. Railway Co.,* 29 Wis., 144.
3. Plaintiff's sawmill, standing near the bank of Fox river, was fired by sparks from the smoke-stack of a steam tug owned by defendants, and employed at the time in placing a raft of logs upon the river near such mill; and was entirely consumed. *Held,* that defendants were bound only to use *reasonable care and diligence* to prevent injury; and it was error to instruct the jury that the law demanded from them the observance of " the utmost care and diligence, together with all such means and products as skill and science have discovered that may be necessary to keep the fire within proper control, and prevent injury to others."
4. An instruction that defendants were guilty of negligence unless their boat was provided with *all the means and appliances which science has discovered* to prevent the escape of fire, also *held* erroneous.
5. The *uncontradicted evidence* for defendants showing that their boat was furnished with all appliances for the escape of fire which could reasonably be required, it was error to submit that question to the jury.
6. *Spaulding v. Ch. & N. W. Railway Co.,* 33 Wis., 582, followed. *Kellogg v. Ch. & N. W. Railway Co.,* 28 Wis., 233, explained.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff was the owner of a mill in the city of Oshkosh, which stood near Fox River in that city, and the defendants were the owners of a tug boat propelled by steam and used in the navigation of that river. On the 3d day of May, 1872, and

soon after such tug boat, then commanded by the defendant *Morley*, had been engaged in placing a raft of logs near the mill of the plaintiff, the mill was discovered to be on fire, and the same was entirely consumed. This action was brought to recover damages for such burning; and the complaint charges that the mill was set on fire by sparks and coals of fire from the smoke stack of the tug boat, which was not provided with any appliance to arrest the escape of fire therefrom, and that the fire so escaped, and the mill was burned, in consequence of such defect in the construction of the smoke stack and the carelessness and negligence of the defendants in the management of the boat. The answer of the defendants is a general denial.

The testimony, and the instructions given by the court to the jury, on the questions considered by this court, are stated in the opinion.

The plaintiff had a verdict; and the defendants appealed from a judgment duly entered thereon.

*Gabe Bouck*, for appellants:

The defendants were bound to use only such devices for the prevention of injury by fire as were *reasonable*, i. e., such as were known and in general use, and such as they might reasonably have been expected to adopt. *Spaulding v. R'y Co.*, 30 Wis., 123, and cases cited; Sh. & R. on Neg., 379, and cases cited. That they should be required to use all the devices "skill and science have discovered," would be unreasonable. Such a rule would require every owner of a steamboat to test each new invention, and adopt or reject the same at his peril, and would hold him liable even for the non-use of improvements of which he was ignorant, and which, perhaps, were known only in foreign countries. The instructions of the court upon this point, and as to the degree of care and diligence required of defendants, were in direct conflict with the ruling of the court in *Spaulding v. R'y Co.*, above cited, and were erroneous.

*Finch & Felker* and *Moses Hooper*, for respondent:

The instructions of the court as to the diligence required of defendants, and the appliances required to be used by them for the prevention of injury by fire, so far as the same are applicable to this case, were affirmed by this court in *Spaulding v. R'y Co.*, 30 Wis., 121. There were no " discoveries of science " disclosed by the proofs, which had not been adopted by defendants, and it was not necessary, for their protection, that the instruction should be qualified by restricting the means and appliances required to such as were reasonable. The only question was, whether or not those safeguards with which the boat was furnished were in use at the time and place of injury. Upon this the jury found in the negative, and their decision will not be disturbed. It is not necessary nor even proper for a court, in instructing a jury, to qualify a general proposition of law applicable to the proofs, by stating all possible exceptions thereto, not material to the proofs. *State v. Downer*, 21 Wis., 277 ; *Weisenberg v. Appleton*, 26 id., 60 ; *Bowren v. Campbell*, 5 id., 190 ; *Stucke v. R. R. Co.*, 9 id., 202.

LYON, J. The only portion of the instructions which the court gave to the jury, necessary to be stated, is as follows : " Fire is a dangerous and unruly element ; therefore the necessities of society require that in its use, care, skill and diligence shall be used by the person using it, to prevent injury to others by it ; and the law demands of men who use it for a propelling power, or for the purposes of generating steam, in using steam as the propelling power, that the utmost care and diligence shall be observed by them, together with all such means and products as skill and science have discovered, that may be necessary to keep it within proper control and prevent injury to others." Whether the defendants used that degree of care and diligence in the management of their tug boat, and whether the same was provided with the specified means and appliances to prevent injury by the escape of fire, were submitted to the jury, as questions of fact to be determined by them from the

testimony.   Due exception was taken on behalf of the defendants to each proposition contained in the above instruction, and to the submission of each of said questions to the jury.

We are of the opinion that the learned circuit judge laid down too stringent rules in respect to the degree of care which the law required of the defendants in the management of their boat, and the character of the means and appliances they were under legal obligation to employ, to prevent the escape of fire.

*First*, of the degree of care required.   Doubtless a person who employs the element of fire to generate steam for propelling power, or who employs it for any other purpose under circumstances which render it especially dangerous to others, is held to the exercise of more care and caution in its use than is one who employs the same element for a less dangerous purpose.   Yet the *degree* of care required is the same.   In either case reasonable care, or what is the same thing, ordinary care, only, is required.   The term "reasonable care" has no fixed, definite signification, but is a relative term.   The caution which persons of ordinary prudence would exercise in any given case, is "reasonable care," as the term is used in the law. That which under some circumstances would be reasonable care, might under other circumstances be gross negligence. *Ward v. R'y Co.*, 29 Wis., 144.

In *Kellogg v. The Ch. & N. W. R'y Co.*, 28 Wis., 223, the chief justice uses the following language: "Fire is an agent of an exceedingly dangerous and unruly kind, and, though applied to a lawful purpose, the law requires the utmost care in the use of all reasonable and proper means to prevent damage to the property of third persons." (p. 233.)   The exercise "of the utmost care *in the use of all reasonable and proper means* to prevent damage," is only the exercise of reasonable or ordinary care.   It is precisely the degree of caution which persons of ordinary prudence would use, under circumstances of danger, to prevent damage.

It will be observed that the circuit judge, while employing

to some extent the language of the chief justice, omitted the above qualification, and charged the jury, without any qualification, that the law requires the utmost care and diligence, in such cases, to avoid injury. This is equivalent to an instruction that if the defendants omitted any possible precaution, no matter how unusual, which might have been taken to prevent the escape of fire from the smoke stack of their boat, they were guilty of negligence. We do not so understand the law. The "*utmost care*" which the law imposed upon the defendants, relates only to the use "*of all reasonable and proper means*" to avoid damage, and does not extend to all possible precautions against injury. The difference between the language of the chief justice, above quoted, and the instruction to the jury, is precisely the difference between *reasonable* care and *extraordinary* care. The omission of the above qualification from the instruction given, was, we think, an error which may have affected the verdict unfavorably to the defendants. Hence it is material.

*Second.* In addition to the instruction above quoted, the court repeated several times an instruction, in substance, that unless the boat was provided with all the means and appliances which science has discovered to prevent the escape of fire, the defendants were guilty of negligence. The rule or principle here stated also lacks an important qualification. The rule, as recognized and adopted by this court in *Spaulding v. The Ch. & N. W. R'y Co.*, 30 Wis., 110, required the defendants "to avail themselves of all the discoveries which science has put within their reach for that purpose, *provided* they are such as, under the circumstances, *it was reasonable to require them to adopt.*" (p. 121.) The remarks on the other branch of the case in respect to the omission of a material qualification, are applicable here, and need not be repeated. If any instruction ought to have been given on the subject, it should have conformed to the rule stated in the above case.

But we think the court erred in submitting the question to

the jury in any form, as to whether the boat was provided with the necessary means and appliances to prevent the escape of fire.

After a careful examination, we think the uncontradicted testimony proves that the boat was properly equipped. It is quite unnecessary to state the testimony on this subject, for there is no conflict, and it very satisfactorily appears therefrom that the boat was furnished with all appliances to prevent the escape of fire which could reasonably be required. Such being the case, it was error to submit the question to the jury. The case of *Spaulding v. The Ch. & N. W. R'y Co.* was brought here on a second appeal, and we reversed a judgment for the plaintiff on the sole ground that the court submitted this same question of fact to the jury, when the uncontradicted testimony proved that the locomotive which set the fire complained of was properly equipped. (See cases cited in the opinion on such second appeal, 33 Wis., 589–593.) Were there no other error in the case, this judgment must necessarily be reversed for the same reason.

The foregoing views are decisive of the case, and we do not deem it our duty to determine the other questions which were argued by the counsel.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.