GIBBONS vs. THE WISCONSIN VALLEY RAILROAD COMPANY.

*February 11 — March 3, 1885.*

*(1) Court and jury: Uncontradicted evidence. (2) Contributory negligence: Misleading instructions.*

1. The uncontradicted evidence showing that the two engines of the defendant (one or the other of which is claimed to have set the fire for which the action is brought) were in good condition and properly constructed to prevent the escape of fire, it was error to submit that question to the jury.

2. In submitting to the jury the question of contributory negligence, the court said: "If plaintiff was negligent in the manner mentioned, would the loss have occurred if he had not been so negligent? . . . If defendant was negligent as charged, and such negligence was the proximate cause of the damage, the plaintiff is entitled to recover, even though you may think from the evidence the plaintiff ought to have exercised greater care," etc. *Held*, that such charge was misleading.

APPEAL from the Circuit Court for *Wood* County. The case is sufficiently stated in the opinion.

*C. W. Briggs*, for the appellant.

For the respondent the cause was submitted on the brief of *G. W. Cate.*

Lyon, J. This case was here on a former appeal, and is reported in 58 Wis. 335, where a sufficient statement of its main facts may be found. On that appeal a judgment for the plaintiff was reversed because of the admission of improper testimony. Another trial has been had, which also resulted in a verdict and judgment for the plaintiff, from which the defendant has again appealed.

1. The testimony on the last trial as to the condition of the two engines, one or the other of which, it is alleged, set the fire which burned the plaintiff's lumber, shows that they were properly constructed and equipped, and provided with all approved appliances for preventing the escape of fire. The testimony on this subject was given by the engineer who operated one of the engines and who was well acquainted with the condition of both of them, and by the master mechanic of the defendant company, who also knew their condition. This testimony is uncontradicted. There was no other testimony on the subject.

The court refused to instruct the jury, as requested by counsel for the defendant, that "the evidence in this action shows that the engines of the defendant company were in good condition, properly constructed, and provided with all the usual appliances for the prevention of the escape of fires, in use at the time the fire occurred," and submitted to the jury the question as to whether such engines were so constructed and in such condition. This was a plain error, within several of the decisions of this court. *Spaulding v. C. & N. W. R'y Co.* 33 Wis. 582 (see *S. C.* 30 Wis. 110); *Read v. Morse,* 34 Wis. 315; *Cockburn v. Ashland Lumber Co.* 54 Wis. 619; *Brusberg v. M., L. S. & W. R'y Co.* 55 Wis. 106. This was a material error. The verdict is general, and

there are no specific findings of fact. It was said, in the case first above cited, that "the fact that the question of the sufficiency of the engines was submitted to them, may have been, and probably was, taken by the jury as an intimation by the court that there was testimony in the case from which they might find that the engines were defectively constructed, or were in a defective condition. We cannot say that the jury did not so find, or that such finding is not the sole basis of the verdict and judgment for the plaintiff." This language is applicable here. For the above error the judgment must be reversed.

2. We think another portion of the charge was liable to mislead the jury. In submitting the question of the alleged contributory negligence of the plaintiff, the court said: "If plaintiff was negligent in the manner mentioned, would the loss have occurred if he had not been so negligent? For if the loss would not have occurred but for plaintiff's negligence, he cannot recover, even though defendant was negligent; and on the other hand, if defendant was negligent as charged, and such negligence was the proximate cause of the damage, the plaintiff is entitled to recover, even though you may think from the evidence the plaintiff ought to have exercised greater care in handling his lumber for the purpose of shipment." We think the jury might well have understood from this language that if the defendant was negligent, the plaintiff would be entitled to recover, although he also was negligent, if the jury believed that the loss would have occurred if he had not been negligent. Certainly, the last sentence above quoted excuses some negligence on the part of the plaintiff, and the degree thereof is not defined. The jury should have been instructed that if the negligence of the plaintiff contributed directly to the burning of his lumber, he could not recover, even though the negligence of the defendant also contributed thereto; and that all that was required of either party was the exer-

Spensley vs. Janesville Cotton Manuf'g Co. and others, imp.

cise of ordinary care and prudence to avoid the injury.  It is doubtful, to say the least, whether the charge of the judge impressed these propositions upon the minds of the jury.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.