DENNIS CONNORS *vs.* DURITE MANUFACTURING COMPANY.

Middlesex.   January 13, 1892. — March 30, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Due Care — Negligence.*

In an action to recover for injuries sustained by the plaintiff while in the defendant's employ, there was evidence which would have justified the jury in finding that it was the duty of the plaintiff, who was a fireman on a stationary engine, to wipe certain parts of the engine when it was at rest; that after the engine had been stopped by the engineer, and was at rest, he began to wipe it; that the engine at once started up, without any one letting on steam, and his hand was caught and injured; and that the starting up was caused by a leak in the throttle-valve. When bought by the defendant, about two months before the accident, the engine had been in use twelve or thirteen years. After having been partially overhauled by the seller, it was set up in the defendant's factory and a few weeks thereafter some repairs were made upon it by an employee of the seller, at the defendant's request. This employee, however, did nothing to the throttle-valve, and did not examine it to see if it leaked, although he testified that he noticed that the cut-off valve had a tendency to hang, and not to shut as intended, and that this defect in combination with a leaky throttle-valve would make it possible for the engine to start after it was at rest. There was also evidence that the wear and tear which would produce the condition of things which caused the defendant to send for the employee of the seller of the engine would tend to cause a leaky throttle-valve. Down to the time of the accident no inspection was made of the throttle-valve, although this could readily have been done. *Held*, that the presiding judge erred in directing a verdict for the defendant, that the jury would have been warranted in finding that the plaintiff was in the exercise of due care, and that the plaintiff was entitled to go to the jury on the question of the defendant's negligence.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employ.   Trial in the Superior Court, before *Hammond*, J., who ruled that, upon the evidence, the plaintiff

could not maintain the action, and ordered a verdict for the defendant; and reported the case for the consideration of this court. If the rulings were wrong, the case was to stand for trial; otherwise, judgment was to be entered on the verdict. The facts appear in the opinion.

*M. Storey*, for the plaintiff.

*R. M. Morse*, (*C. J. Rueter* with him,) for the defendant.

LATHROP, J. The question in this case is whether the court erred in ruling that upon the evidence the plaintiff was not entitled to recover, and in ordering a verdict for the defendant. There was evidence which would have justified the jury in finding that it was the duty of the plaintiff, who was a fireman on a stationary engine, to wipe certain parts of the engine when it was at rest; that after the engine had been stopped by the engineer, and was at rest, he began to wipe it; that the engine at once started up, without any one letting on steam, and his hand was caught and injured; and that the starting up was caused by a leak in the throttle-valve.

The question is then presented whether there was any evidence of the defendant's negligence. The engine was a second-hand engine when the defendant bought it, about two months before the accident, and had been in use twelve or thirteen years. It had been partially overhauled by the seller before it was set up in the defendant's factory; and a few weeks after it was set up some repairs were made upon it by an employee of the seller, at the request of the defendant. This employee, however, did nothing to the throttle-valve, and did not examine it to see if it leaked, although he testified that he noticed that the cut-off valve had a tendency to hang, and not to shut as intended, and that this defect in combination with a leaky throttle-valve would make it possible for the engine to start after it was at rest. There was also evidence that the wear and tear which would produce the condition of things which caused the defendant to send for the employee of the seller of the engine would tend to cause a leaking throttle-valve. Down to the time of the accident no inspection was made of the throttle-valve, although this could readily have been done.

It is the duty of a master to provide and maintain reasonably safe and suitable machinery; and while a master may delegate

to competent servants the making of ordinary repairs such as a machine requires from day to day, yet as to other repairs the master cannot escape responsibility by merely showing that he has employed intelligent and competent servants, and has furnished them with suitable materials ; but he must exercise a reasonable care and supervision over them, and see that they do their duty.   *Moynihan* v. *Hills Co.* 146 Mass. 586.   *Myers* v. *Hudson Iron Co.* 150 Mass. 125.   *Donahue* v. *Drown,* 154 Mass. 21.   *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407.

In *Myers* v. *Hudson Iron Co.* the defendant, to show due care on its part, relied on the fact that, three weeks before the accident which was the subject of inquiry, a machinist had been employed to put the machine in good order.   Mr. Justice C. Allen, in delivering the opinion of the court, and considering this defence, said : " But if he failed to do so, and if after the completion of his work defects remained, the defendant was responsible, although it may have had reason to suppose him well qualified for his duty."   The fact, therefore, that the engine had some weeks before been overhauled and repaired does not necessarily exempt the defendant from liability.

There can be no doubt that the jury would have been warranted in finding that the plaintiff was in the exercise of due care ; and, in the opinion of a majority of the court, the plaintiff was entitled to go to the jury on the question of the defendant's negligence.

According to the terms of the report, the verdict for the defendant is to be set aside, and the case is to

*Stand for trial.*