Vorbrich, by guardian _ad litem_, Respondent, vs. Geuder & Paeschke Manufacturing Company, Appellant.

_April 30 — May 21, 1897._

_Master and servant: Injury to minor: Assumption of risk: Court and jury: Unexpected movement of machine: Presumption of negligence from happening of accident: Freedom of machine from discoverable defects: Evidence._

| | |
|---|---|
| 96 | 277 |
| 96 | 618 |
| 97 | 491 |
| 96 | 277 |
| 101 | 361 |
| 96 | 277 |
| 102 | 633 |
| 104 | 330 |
| 96 | 277 |
| 107 | 319 |
| 96 | 277 |
| 109 | 462 |
| 96 | 277 |
| 110 | ²495 |
| 96 | 277 |
| 117 | ¹424 |

1. In an action to recover for injuries received by a boy fifteen years old while engaged in operating a machine in defendant's factory about which he had had more or less experience, the question whether the plaintiff assumed the risks arising from defects in the machine, by continuing in the employment knowing of such defects, is _held_ to have been for the jury.

2. Per Marshall, Pinney, and Newman, JJ. Although, in an action for personal injuries alleged to have been caused by the unex-

pected revolution of a stamping machine, operated by touching a pedal which engaged, by means of a clutch, a wheel on a revolving shaft, the testimony of the plaintiff that the machine made such an unexpected revolution the day before, and also at the time of, the accident, and the testimony of another witness that he subsequently saw it do the same thing when there was no one near it, might raise a presumption of negligence as matter of law, such presumption would be overcome by conclusive proof that the machine was free from all discoverable defects.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge.  *Reversed.*

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Fiebing & Killilea,* attorneys, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Van Alstine.*

CASSODAY, C. J.   It appears from the record: That the plaintiff was employed by the defendant to work in its factory about the 1st of September, 1893.   That prior to that time he had been engaged in working upon similar, but smaller, machines.   That upon going to work for the defendant he worked upon two or three smaller machines before working upon the machine by which he was injured, which was No. 2.   That that machine consisted of a die or punch, which was caused to be set in motion by the operator pressing his foot upon the treadle; the result of which was to engage, by means of a clutch, a wheel upon the main shaft, and which was in constant motion.   That by releasing the pedal the machine would make but one revolution, causing the die or punch to make one impression.   That, if the pressure of the foot was maintained, the machine would continue to revolve until the foot was removed.   That in operating the machine only one revolution at a time was desirable.   That the machine was so constructed that if the operator pressed his foot upon the pedal, and at once re-

leased it, one revolution would result. That October 30, 1893, he worked on that machine all day. That shortly after he commenced to work for the defendant the foreman told him that, if there was anything out of order or wrong about the machine, to see the die setter about it. That October 31, 1893, while he was working on machine No. 2, he told the die setter that his punch dropped the day before. That the die setter said to him: "Go on; attend to your own business; the machine is all right." That he then went to work at it again, and was hurt about 4 o'clock in the afternoon. That at the time he was hurt he was putting the tin in the machine, and when the punch came down and he was hurt, the tin was in the machine,— not in its right shape, though,— that is, over half of it was in, and when it cut his fingers it pulled the other half in. That three of his fingers were taken off. That when he got his fingers out of the press they were smashed all up. That the doctor cut the pieces off, and the bones were half smashed, and he had to saw the bones off too. That *at the time the punch came down and cut his fingers off his foot was not on the treadle.* That to operate these smaller machines he put his foot on the treadle. That it was necessary to apply more weight upon the treadle to cause the No. 2 machine to work than upon the smaller machine, which went still easier. That he only had to just touch the treadle, when the smaller one would come down. That upon this one he had to step pretty hard. That at the time of such injury the plaintiff lacked about six weeks of being fifteen years old. That November 29, 1893, he commenced this action by his guardian to recover damages by reason of the defendant's alleged negligence. That, issue being joined and a trial had, at the close thereof the jury returned a special verdict to the effect that at the time of the plaintiff's injury the said machinery was so out of repair as to render said stamp or punch liable to descend without pressure upon

the treadle; that such want of repair was the proximate cause of the plaintiff's injury; that defendant had notice of such want of repair before the plaintiff's injury; that the defendant was guilty of a want of ordinary care, which was the proximate cause of the plaintiff's injury; that plaintiff, taking into account his age, experience, and capacity, was not guilty of any want of ordinary care which proximately caused or contributed to his injury; that the plaintiff is entitled to damages, which they assessed at $2,500. That thereupon judgment was ordered to be entered upon the verdict accordingly, and from the judgment so entered the defendant brings this appeal.

It is claimed that the defendant was negligent in that (1) it put the plaintiff at work upon the machine in question when it knew, or in the exercise of ordinary care ought to have known, that it was so defective or out of repair as to render the die, stamp, or punch liable to descend without pressure upon the treadle; and (2) also in putting a boy of his age and experience, to work upon such a machine, and without instructing him as to the risks and dangers incident to such employment.

1. The first of these questions seems to be very important in the case, but was discussed very little at the bar, and less in the briefs. There is undoubtedly a class of cases where the facts are such that the mere proof of the accident creates a presumption of negligence. *Byrne v. Boadle,* 2 Hurl. & C. 722; *Scott v. London & St. K. Docks Co.* 3 Hurl. & C. 596; *Briggs v. Oliver,* 4 Hurl. & C. 403; *Kearney v. L., B. & S. C. R. Co.* L. R. 5 Q. B. 411; *S. C. L. R.* 6 Q. B. 759; *Mullen v. St. John,* 57 N. Y. 567; *McCarragher v. Rogers,* 120 N. Y. 526; *Volkmar v. Manhattan R. Co.* 134 N. Y. 418; *Hogan v. Manhattan R. Co.* 149 N. Y. 23; *Lyons v. Rosenthal,* 11 Hun, 46; *Morton v. D., B. C. & A. R. Co.* 81 Mich. 423; *Thomas v. W. U. Tel. Co.* 100 Mass. 156; *Connors v. Durite Mfg. Co.* 156 Mass. 163; *Donahue v. Drown,* 154 Mass. 21;

*Martineau v. Nat. Blank Book Co.* 166 Mass. 4; *Dixon v. Pluns,* 98 Cal. 384; *Judson v. Giant Powder Co.* 107 Cal. 549; *S. C.* 29 L. R. A. 718; *Howser v. C. & P. R. Co.* 80 Md. 146; *S. C.* 27 L. R. A. 154. This court has repeatedly sanctioned the same principle. *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110; *Cummings v. Nat. Furnace Co.* 60 Wis. 603; *Kurz & Huttenlocher Ice Co. v. M. & N. R. Co.* 84 Wis. 171; *Stacy v. M., L. S. & W. R. Co.* 85 Wis. 225. In such cases the accident is unusual under the circumstances. In most of these cases there was, in fact, present some specific defect, act, or omission as the basis of the alleged negligence, and the thing or machine was under the management or control of the defendant; but in some of them the machine unexpectedly started, with no one present or in control but the person who was injured. In some of the cases the defendant gave evidence of a careful inspection by competent experts, without discovering the defect; but such evidence was held to be insufficient to take the case from the jury. No one would claim, as a general rule, that the mere proof of an accident creates any presumption of negligence.

There is a class of cases holding that, even where the facts are such as to create such presumption, yet that it is completely overcome, as a matter of law, by merely proving by competent experts that the machine or thing at the time was not defective, or out of repair, or that the conditions were such as to preclude negligence. *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110; *S. C.* 33 Wis. 582; *Read v. Morse,* 34 Wis. 315; *Gibbons v. W. V. R. Co.* 62 Wis. 546; *Menominee River S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447; *Dingley v. Star Knitting Co.* 134 N. Y. 552; *Brymer v. S. P. R. Co.* 90 Cal. 496; *Duffy v. Upton,* 113 Mass. 544; *Ross v. Pearson Cordage Co.* 164 Mass. 257. In this last case it was held that " where a person is injured by the sudden starting of a machine which he is cleaning, if there is no defect in the machine, and it does not differ from similar machines in use

elsewhere, and is in the same condition as it was when he entered upon his employment; the mere fact that certain contrivances, if on the machine, might have prevented its starting, is not sufficient to show a breach of duty on the part of his employer."

Since we find both classes of cases in the same court, and sometimes in the same volume (*Volkmar v. Manhattan R. Co.* 134 N. Y. 418; *Dingley v. Star Knitting Co.* 134 N..Y. 552), it is manifest that the class to which the case at bar belongs must depend upon the particular facts involved. As the evidence may be different upon a new trial, we refrain from determining the question suggested upon this appeal.

2. Upon the question of the assumption of risk, counsel for the plaintiff suggested an instruction, whereupon the court ruled and stated in presence of the jury, and in part to them, that: "I have not instructed the jury upon that point, and I do not consider that it is a question proper to instruct the jury upon. It might be claimed in the case of a full-grown man — a man with all his faculties — that it was negligence on his part to continue in the employment after he had discovered the danger, but I think that in the case of a boy of this age, with his experience and his capacity, I ought not to submit that question to the jury. . . . In this case, this is a minor. He was not employed as an independent agent but as a minor; and I do not think that it is competent to submit, even to the jury, the consideration of the question whether or not he accepted this risk by continuing in this employment. That question has not been submitted to you by the court, and the court declines to submit it. You will answer the questions which have been submitted by the court under the instructions I have given you, and not outside of them." This ruling is contrary to numerous decisions of this court. We only cite two: *Luebke v. Berlin Machine Works*, 88 Wis. 442; *Casey v. C., St. P., M. & O. R. Co.* 90 Wis. 113. In the first of these cases it was

held that "it is a question of fact for the jury whether a minor servant was of sufficient age, intelligence, discretion, and judgment to bring him within the operation of the rule applicable to adults, by which knowledge of open and obvious defects and dangers is imputed to them, and they are held to assume the risk incident thereto if they continue in the employment." The plaintiff appears to have had more or less experience, and the question of his assumption of risk was properly for the jury.

There are other portions of the charge subject to criticism, but, as they are not likely to be repeated, it is unnecessary to specifically consider them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

MARSHALL, J. (PINNEY and NEWMAN, JJ., concurring). With the decision that the judgment of the circuit court must be reversed and a new trial granted, all concur, but on the question of whether there was sufficient evidence to warrant the court in submitting the case to the jury differences exist of such a character as to render it necessary that a separate opinion be filed on one branch of the case.

The evidence is undisputed that there was no discoverable defect in the construction of the machine, or in its repair, at the time of the accident. It was of the same construction as machines ordinarily used and found safe for the business for which it was designed. The boy testified that it made an unexpected revolution the day before he was injured, without any pressure being put upon the pedal; that it started from a state of rest without any such pressure, and revolved once, at the time of the accident; and one witness testified to seeing it subsequently do the same thing when no one was near it. But the evidence of those who worked with the machine for a long time prior to the time the boy commenced working, and who worked with it for a long time

after the injury, was to the effect that the machine had always worked perfectly. The testimony was undisputed that the mechanical arrangement was such that its motions were necessarily absolute and positive, depending wholly on pressure upon and release of the pedal. From this state of the record, giving to the plaintiff's evidence the most favorable construction it will reasonably bear, including all reasonable inferences therefrom, would it warrant a jury in finding that the machine, though free from all discoverable defects, was out of repair, nevertheless, and that the defendant ought to have known of it and to have apprehended that a personal injury to the plaintiff might probably result therefrom? That is the question.

In our opinion, the question stated in the preceding paragraph must be answered in the negative; that it will not, consistent with settled principles, admit of any other answer; and that, when the authorities bearing on the subject are carefully considered, no conflict will be found, either in the adjudications of this court or elsewhere.

There are many cases that hold that an unexplained accident with a machine, not liable to occur if such machine was properly constructed and in a proper state of repair, is evidence of negligence; as in *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110, where it was held that the escape of fire from a passing locomotive engine, sufficient to cause damage, raised a presumption of improper construction or insufficient repair or negligent handling of such engine. To the same effect are *Cummings v. Nat. Furnace Co.* 60 Wis. 603; *Kurz & Huttenlocher Ice Co. v. M. & N. R. Co.* 84 Wis. 171; *Stacy v. M., L. S. & W. R. Co.* 85 Wis. 225; *Mullen v. St. John,* 57 N. Y. 567; *Volkmar v. Manhattan R. Co.* 134 N. Y. 418; *McCarragher v. Rogers,* 120 N. Y. 526, and many others that might be cited. Such cases lay down a very well recognized principle in the law of negligence, but do not reach the question here under discussion, and do not conflict in the slightest degree with

numerous authorities that go on another principle, just as
well recognized and firmly established, to the effect that un-
disputed proof of freedom of the machine from all discover-
able defects, either in construction or repair, effectually
overcomes any mere inference or presumption arising from
the happening of the accident, so as to leave no question in
that regard for the jury; as in *Spaulding v. C. & N. W. R.
Co.* 33 Wis. 582, where this court held the inference that a
locomotive engine was defective, arising merely from the
escape of fire therefrom sufficient to cause damage, rebutted
by conclusive proof that the engine was free from discover-
able defects, so as to leave nothing on that point for the con-
sideration of a jury. Also, to the same effect, are *Read v.
Morse*, 34 Wis. 315, and *Gibbons v. W. V. R. Co.* 62 Wis. 546.

The decisions along this line in this court, reaching from
an early day to the present, are believed to be without con-
flict, and, if like harmony does not exist elsewhere,— which
we do not admit,— a decision of the question at this time
should not be of a nature to create doubt respecting the rule
that obtains here. In the recent case of *Menominee River
S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447, this court, in an
exhaustive opinion by Mr. Justice PINNEY, went over the
whole ground, collating and commenting on substantially all
the important adjudications in this court, and reaffirmed
without exception the doctrine that, where negligence arises
as a presumption of fact from the happening of an accident
with machinery,— not a mere inference to be drawn by the
jury, but a presumption so convincing and persuasive that,
unexplained or unrebutted, it *prima facie* establishes the
alleged negligence,— such presumption is, nevertheless, over-
come by conclusive proof that the machine was free from
discoverable defects, so as to take the question in that regard
from the jury. To the same effect is the still more recent
case of *Badger v. Janesville Cotton Mills*, 95 Wis. 599, where
an operative, who was standing on a ladder endeavoring to

remove a belt from a rapidly revolving shaft, was caught by the arm, carried around the shaft, and severely injured. He claimed that the ladder was defective, that it broke by his weight upon it, and that thereby he was caused to make a movement which resulted in his arm being caught, with the result mentioned. There was positive proof that the ladder was free from all discoverable defects, and on that the trial court nonsuited the plaintiff, and this court sustained the ruling upon the ground, among others, that in the face of positive proof that the ladder was free from any defect that any one could point out, the evidence of plaintiff that it broke by his weight upon it was not sufficient to send the question to a jury.

If time would permit, what has preceded could be reinforced by numerous other citations from courts of the highest respectability; but, aside from *Menominee River S. & D. Co. v. M. & N. R. Co.*, *supra*, probably no stronger or more satisfactory case can be found upon which to rest the decision of this court than *Dingley v. Star Knitting Co.* 134 N. Y. 552, for in its leading facts it is in all respects like the case under consideration. The injured person was a young boy. The machine was a breaker or card in a cotton mill, operated by a belt from a pulley on the main shaft to a tight pulley on the breaker. At the side of the tight pulley was a loose pulley. When the card was idle and the main shaft in motion, the belt was on the loose pulley; otherwise the belt was on the tight pulley. The method of starting the card was to press the belt, by hand, from the loose pulley to the tight pulley, and of stopping it, to press the belt back to its former position. On the day in question the boy claimed that he pressed the belt to its place on the loose pulley, and stopped the card; that he then reached under the machine to do some cleaning, as was his duty to do; and that while so doing the machine unexpectedly started, and he was severely injured. The boy testified, as

in this case, that the machine had operated that way once or twice before, and there was evidence on the part of plaintiff, as here, that on some other occasion the same thing had occurred. The proof showed that there were no discoverable defects; that the machine was the same as usually used and found safe against such accidents; and that it was operated a long time before and a long time after the occurrence in question without the happening of any such accident. The court held that, even if it were true that the machine had started unexpectedly, there was no warrant for saying that the defendant was negligent in respect to keeping it in repair, in the face of the undisputed evidence in respect to there being no defects that any one could point out; that to hold otherwise would be to extend the liability of the master beyond any bounds known to the law, and without any reason to support it. It is significant that the court further held, in effect, that the starting of the machine unexpectedly, after the belt was properly shifted to the loose pulley, was an occurrence so improbable that the evidence of the boy that it did so start not only did not warrant a finding in plaintiff's favor on that point, but the legitimate inference from the whole case was that the belt was not properly shifted, and that neglect in that regard caused the mischief, and explained it all. That is in line with *Cummings v. Nat. Furnace Co.* 60 Wis. 603, where it was held, in effect, that proof that the machine was free from defects left the happening of the accident evidence of improper handling; and with *Badger v. Janesville Cotton Mills*, 95 Wis. 599, where it was held that proof that the ladder was free from defects left it so improbable that it broke from plaintiff's weight upon it as to effectually overcome his evidence that it did so break, and that where the probabilities from unmistakable physical facts are all one way, a jury has no right to say the truth is the other, because there is evidence from the mouth of a witness to that effect, especially where such witness is

Vorbrich vs. Geuder & Paeschke Mfg. Co.

an interested party.   See, also, to the same point, *Groesbeck v. C., M. & St. P. R. Co.* 93 Wis. 505; *Lenz v. Whitcomb, post,* p. 310; *Payne v. C., R. I. & P. R. Co.* 39 Iowa, 523; *Artz v. C., R. I. & P. R. Co.* 34 Iowa, 153; *Bloomfield v. B. & W. R. Co.* 74 Iowa, 607.

Further, on the main question we call attention to *Redmond v. Delta L. Co.* 96 Mich. 545, as directly in point. There a person was injured by an unexpected failure to operate of an endless log chain, which was controlled by pressing upon a lever to start, and releasing the lever to stop, it, as occasion required.   On the occasion in question plaintiff claimed that the chain failed to respond to a release of the lever.   The proof was that no defect existed in the apparatus that could be discovered or pointed out, and that the machine responded promptly to the manipulation of the lever before and after the accident.   Counsel for plaintiff contended that the jury were warranted in finding that the failure of the machine to operate as usual at the time of the injury was owing to some defect therein.   The court held to the contrary, and that a finding on counsel's contention would be based on mere surmise and conjecture that there was negligence somewhere; that if that were permissible, some of the fundamental principles of the law of negligence would be done away with; that where an employee seeks compensation from the master for injuries received in the latter's employment, he must trace it to some fault of the master,— to some distinct failure of duty.   See, also, *Louisville & N. R. Co. v. Binion,* 98 Ala. 570; *Davidson v. Davidson,* 46 Minn. 117; *Brymer v. S. P. R. Co.* 90 Cal. 496; *Morton v. D., B. C. & A. R. Co.* 81 Mich. 423.

The preceding are not in conflict with *McCarragher v. Rogers, supra,* as expressly stated by the judge who wrote the opinion in *Dingley v. Star Knitting Co., supra;* nor are they with *Volkmar v. Manhattan R. Co., supra,* where the negligence charged was failure to keep a railway track in

Vorbrich vs. Geuder & Paeschke Mfg. Co.

repair. The question of negligence was held to be for the jury for want of conclusive proof to overcome the inference of negligence arising from the physical facts. Neither is *Dingley v. Star Knitting Co., supra,* nor the principle here applied, in conflict with *Connors v. Durite Mfg. Co.* 156 Mass. 163, where the accident was caused from the unexpected movement of an engine caused by a leaky valve, or with *Martineau v. Nat. Blank Book Co.* 166 Mass. 4, where a machine started by the unexpected slipping of a belt from a loose to a tight pulley, as in the *Dingley Case*, the difficulty being traced by evidence to a defective belt and a defective pulley, as the producing cause.

The foregoing sufficiently shows the substantial harmony existing to the effect that while, in a class of cases mentioned, an accident may be of such a character as to evidence negligence, and the inference in that regard may be so strong as to amount to a presumption of fact, not open to consideration by a jury unless explained or rebutted so as to throw doubt on the question, yet, when such inference or presumption arises from physical facts alone and points to insufficiency in the construction or repair of machinery as the producing cause of the accident, conclusive proof that such machinery was free from all discoverable defects will wholly overcome it, and leave no legitimate basis for a finding of defectiveness which the owner ought to have discovered, and reasonably to have apprehended a personal injury might probably occur to some person whose personal safety ordinary care required him to guard.

The principle here discussed we deem definitely established, as are substantially all principles pertaining to the law of negligence, the same as in any óther branch of the law, civil or criminal. Such principles are not, as is sometimes supposed, largely indefinite, indefinable, and easily bent to suit the exigencies of particular cases. Cases do not make the law. Whether principles of law apply to a

particular case depends upon the facts of such case, but that is no more true in the law of negligence than in the law of criminal homicide, or any other branch of jurisprudence.

From the foregoing, while fully concurring that the judgment of the circuit court should be reversed for all the grounds stated in the opinion of the chief justice, we think that there was not sufficient evidence of negligence respecting the suitableness of the machine to take the case to the jury on that point.