KIMBALL, Appellant, vs. UNIVERSAL CRUSHED STONE COMPANY, Respondent.

*October 11—October 29, 1912.*

*Master and servant: Injury: Cause of accident: Dangerous conditions: Warning: Nonsuit.*

In an action for injury sustained by an employee in defendant's stone-crushing plant through the tipping over of a heavy flywheel which he was helping to move, it is *held* that the fall of the wheel could not have been caused, as claimed, by a slight convexity of its thirteen-inch rim and a slight unevenness of the concrete floor on which it stood. Defendant was therefore not negligent in failing to warn plaintiff of those conditions, and a nonsuit was properly granted.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

On March 9, 1910, plaintiff was employed as a laborer by the defendant company. A large steam engine which stood upon a cement foundation in the engine room of defendant's plant was being dismantled and plaintiff was instructed by the superintendent to go to the engine room and assist the other workmen there. A wheel weighing from five to seven tons, which had been detached from the engine and placed in an upright position preparatory to being rolled along the cement floor to an adjoining room, overbalanced and fell upon

the plaintiff. This action is brought to recover damages for personal injuries sustained, the complaint alleging that the surface of the cement floor was uneven and that the face of the wheel was oval, but that owing to the insufficiency of the lighting in the room these facts were not discernible to plaintiff; that plaintiff's assistants in the work were unskilled and ignorant and were unfamiliar with the kind of work to be done, and that plaintiff was without experience in such work and unfamiliar with the proper method of doing it; that sufficient appliances were not furnished, that no directions or instructions were given to plaintiff, and that he was not warned of the dangers incident to the work. The answer was a general denial of the allegations of the complaint. At the close of the testimony the defendant's motion for a nonsuit was granted and judgment entered accordingly. Plaintiff appeals.

*Wallace Ingalls,* for the appellant.

For the respondent there was a brief by *Simmons & Walker,* and oral argument by *John B. Simmons.*

BARNES, J. The appellant insists that there was evidence tending to show (1) that the room was not well lighted; (2) that the cement floor was not level; (3) that the face of the wheel was convex; (4) that an insufficient force of men was provided to do the work; (5) that the plaintiff's regular and usual place of employment was in another building; and (6) that plaintiff did not know of the unevenness of the floor or of the convexity of the face of the wheel. From these facts appellant argues that the jury might have found that the defendant either knew or ought to have known of the condition of the wheel and the floor and was negligent in failing to warn the plaintiff of the danger of the wheel toppling over because of these conditions, and furthermore that it might have acquitted the plaintiff of contributory negligence and of assumption of risk.

The wheel was ninety inches in diameter and its face was thirteen inches in width. The hub and the rim were connected by eight spokes. After the wheel had been removed from the shaft to which it had been attached, it stood on the floor in an upright position in close proximity to an abutment. It was necessary to move it from the place where it stood in order to roll it along the floor to the opening through which it was to be removed from the room. The workmen "cut" or gouged the wheel back and forth for some time until it was moved out a couple of feet from the abutment and far enough therefrom so that it could be rolled along on the floor. During the "cutting" process the plaintiff stood on the abutment assisting in the work. When the parties were ready to begin rolling the wheel, plaintiff turned his back thereto to step down from the abutment, and before he got out of the way of the wheel it fell over in his direction and injured him. None of the employees who were about the wheel at the time of the accident, aside from the plaintiff, testified in the case.

It is undisputed that the convexity of the wheel was one eighth of an inch. Stated in another way, the center line of the face of the wheel projected one eighth of an inch beyond its outer edges. The wheel in question had been used for driving a belt, and the evidence showed that such wheels are slightly crowned toward the middle of the face, and that there was nothing unusual about the construction of this one. It may well be doubted whether there is any evidence tending to show that the concrete floor was not level, but we will assume the fact to be that it sloped one eighth of an inch to the foot at the place where the wheel stood when it fell over. This is the most that plaintiff claims. The plaintiff testified that when he let go of the wheel to step down from the abutment he was not conscious of exerting any force upon it to hold it in an upright position, and that it was not inclining in his direction so as to require any strength on his part to hold it in position, but that it stood perfectly straight. It is

obvious that not to exceed six and one-half inches of the face of the wheel could rest upon the floor and that in this distance the inclination of the floor was substantially one sixteenth of an inch.

It seems apparent that the accident could not have resulted from the causes which plaintiff assigns, and that there was no causal connection between the failure to warn and the accident, and therefore no negligence in not warning. The law of gravity is immutable, and we think it is impossible that the unevenness of the floor coupled with the convexity of the wheel should so disturb the center of gravity as to cause the wheel to topple over, when considered in connection with the slight momentum which the wheel would have in moving to one side about three sixteenths of an inch. The court was therefore right in not submitting the case to the jury. *Groth v. Thomann,* 110 Wis. 488, 495, 86 N. W. 178; *Vorbrich v. Geuder & P. Mfg. Co.* 96 Wis. 277, 71 N. W. 434; *Badger v. Janesville C. Mills,* 95 Wis. 599, 603, 70 N. W. 687; *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 382, 80 N. W. 467; *Kroger v. Cumberland F. P. Co.* 145 Wis. 433, 130 N. W. 513; *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360.

If an insufficient number of men were employed, that fact was as apparent to the plaintiff as it was to the defendant, and in any event there was no evidence tending to show that the failure to furnish additional help had anything to do with the accident. There is an additional reason why the plaintiff cannot recover in this case, but it is unnecessary to discuss it.

*By the Court.*—Judgment affirmed.