Davis, Respondent, vs. Wendlandt, Appellant.

*December 9, 1932—January 10, 1933.*

The cause was submitted for the appellant on the brief of *Mitchell & Krueger* of Oshkosh, and for the respondent on that of *C. G. Cannon* of Appleton.

WICKHEM, J. The theory upon which it is sought to impose liability upon the defendant in this case is thus stated in plaintiff's brief: "It was the duty of defendant to furnish plaintiff with a safe machine and keep same in repair and instruct her in the operation thereof and the dangers incident thereto."

The plaintiff was a woman seventy-five years of age, employed by the defendant as housekeeper from March 23, 1931, to October 5, 1931. It was plaintiff's duty to do the family washing with a Maytag washing machine, which had attached to it a clothes wringer driven by an electric motor. This equipment was located in the laundry of the basement of defendant's home. Up to the time of her employment with defendant, plaintiff had never operated such a machine. She applied to defendant to show her how to operate the machine, and defendant referred her to his son, disclaiming any knowledge of the manner of its operation. The son devoted some time to telling plaintiff how to attach the

washing machine to the electric power, how to adjust the levers, how to stop and start the wringer, and how to reverse the wringer, but did not actually demonstrate the machine or wringer for the plaintiff. Thereafter plaintiff operated the washing machine and wringer once a week until she was injured.

It is perfectly clear that no liability in this case can be predicated upon a failure to warn or to explain the operation of the device. Plaintiff's testimony indicates that she fully understood how to operate the levers that control the use of the wringer and the safety devices attached thereto. *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178. The liability in this case, if it exists at all, must depend upon whether plaintiff has demonstrated that the machine was defective, either in condition or design, and in addition to this that defendant knew, or in the exercise of ordinary care should have known, of its defective condition.

At the time of the injury plaintiff was engaged in rinsing socks. This process involved the transfer of the clothes through the wringer from one tub to another. Plaintiff was feeding the socks into the wringer with her left hand when it became caught in the rollers. She testified that she immediately operated the safety lever on the top of the wringer which is designed to remove the pressure which forces the two rollers together. She further testified that although she operated this lever, the rollers stuck and continued to move and to exert pressure upon her hand. She shut off the wringer with another lever, and pulled out her hand against the pressure of the rollers, tearing the skin off of the back of her hand.

Plaintiff testified that on several occasions she had complained to defendant that the wringer squeaked while in operation, and requested that it be oiled; that defendant told plaintiff he knew nothing about it, and that she should ask

his son to do this; that the son stated that his father should call someone from the electric shop. She testified that the release lever and the rolls always stuck, and that she could not depend upon the release lever because it did not work; that on one occasion the son was using the wringer and the lever did not work, and he had to pry the rolls apart with a clothes stick. It is further claimed that the machine was defective in design because this particular release had no springs which threw the rolls apart, and was operated merely by disengaging the device that kept them together.

Manning F. Krone, a salesman for the Maytag washing machine, testified that there is only one way in which the safety device could become out of order, and that is if the spring were broken, and then the wringer could not be used until it was fixed; that there is positively nothing which could happen to the wringer while it was being used which would make it impossible to operate the safety lever. The machine which plaintiff used was produced in court and the witness demonstrated by running a fountain pen through the rollers without injury to it; also by putting his finger in the wringer rolls, stopping the machine, leaving his hand in the wringer, and then operating the safety lever to show that there was no danger to the hands. He testified that there was no method for lubricating the safety lever, and that no lubrication was necessary; that the device works by positive action.

The case thus presents, on the part of the plaintiff, her testimony that she completely operated the release lever; that it did not release the pressure, and that this had happened before to the knowledge of the defendant's son. On the part of the defendant there is testimony of a disinterested witness, undisputed unless it be by such inferences as may arise from plaintiff's testimony, that the action of the mechanism is positive and that it cannot fail to release the rollers

unless portions of the device are actually broken, in which case the wringer will not operate at all; that the machine involved was in a satisfactory working condition, had no defects in design or condition, and required no oiling or cleaning to keep it in condition. The only attempt on the plaintiff's part to meet this testimony was evidence that amounted merely to a refusal to admit that the machine produced in court was the one which caused her injuries. Was there a jury question presented as to the condition of this device? The mere happening of the accident would give rise to two possible inferences: (1) that plaintiff did not completely or properly work the release lever, and (2) that she did work it and that it did not operate properly because of defects in design or condition. With the evidence in this state, of course the jury could only speculate or guess at the cause of the accident. However, plaintiff has eliminated the element of speculation by her positive testimony that she did properly operate the lever, and the only remaining question is whether her testimony is credible in view of other testimony in the case. We are of the opinion that plaintiff's testimony did not raise a jury issue, and that the doctrine of *Vorbrich v. Geuder & Paeschke Mfg. Co.* 96 Wis. 277, 71 N. W. 434, and *Montanye v. Northern Elec. Mfg. Co.* 127 Wis. 22, 105 N. W. 1043, must be held to govern. In the *Montanye Case* it was said:

."It is urged that this state of the evidence of abnormal action of the machine can only be the basis of an inference tending to show an insufficiency in the construction and repair of the machine as the producing cause of the injury complained of; that this was conclusively rebutted by the evidence showing the machine was free from all discoverable defects; and that therefore no grounds exist on which the jury could find that any defect existed in the machine which the defendant in the exercise of ordinary care ought to have discovered. The rule of law invoked by defendant as controlling upon this branch of the case has been observed

and adhered to in numerous decisions of this court. In *Vorbrich v. Geuder & Paeschke Mfg. Co.* 96 Wis. 277, 71 N. W. 434, speaking of this subject, the court said:

"'Undisputed proof of freedom of the machine from all discoverable defects, either in construction or repair, effectually overcomes any inference or presumption arising from the happening of the accident, so as to leave no question in that regard for the jury.'

"See, also, cases cited, and *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178; *Klitzke v. Webb,* 120 Wis. 254, 97 N. W. 901."

In addition to the doctrine of these cases, it must be pointed out that here the machine was produced in court and was demonstrated to the jury, and the fact that the safety device and the wringer were operating satisfactorily at that time seems to us to leave in the case no jury question as to its condition, and to lead inevitably to the conclusion that the cause of the accident was a failure on the part of the plaintiff to completely operate the safety device.

For the foregoing reasons the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.