## St. Louis, Vandalia and Terre Haute R. R. Co.
### *v.*
### Christopher C. Funk.

1. Evidence—*to overcome prima facie case by escape of fire from engine.* The statute having made the fact of the communication of fire by an engine on a railroad *prima facie* evidence of negligence on the part of those having the care and management of the engine, it is not sufficient to overcome this presumption to show that the engine was equipped with the proper appliances to prevent the escape of fire, and that the same was in good order, but it is also necessary to show that the engine was properly handled and managed by a competent and skillful engineer.

2. Instruction—*may be cured by others.* Although an instruction may be slightly inaccurate as to the law, yet, if the jury are so fully and favorably instructed as to the same point, on the other side, as not to be misled, the error will not furnish grounds for a reversal.

Appeal from the Circuit Court of Effingham county; the Hon. James C. Allen, Judge, presiding.

This was an action on the case, in the court below, by Funk, against the railroad company, to recover damages for the destruction of the plaintiff's house, and the goods therein, by fire alleged to have been communicated to the building by sparks and brands of fire which escaped from a locomotive engine of the defendant while passing the plaintiff's premises.

A trial resulted in a verdict and judgment in favor of the plaintiff for $497. The defendant appealed.

Mr. R. W. Thompson, and Messrs. Gilmore & White, for the appellant.

Messrs. Wood Bros., for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The finding that the destruction of plaintiff's property was occasioned by fire communicated by a locomotive engine passing on defendant's road, is warranted by the evidence in the record. There had been no considerable fire in the house for several hours previous to the passing of the train, and what there was had been carefully secured. It is hardly probable, as insisted, the fire had started, in the morning, from plaintiff's chimney or otherwise, and had been burning slowly all day before breaking out in the evening. Had such been the fact, smoke would undoubtedly have been discovered by persons in the vicinity, who noticed the house just previous to the passing of the train.

Our statute on this subject makes the fact that fire is communicated by an engine full *prima facie* evidence of negligence on the part of those who, at the time, had the care and management of the engine. In such cases, it is not enough for the company to show the engine was equipped with the proper appliances to prevent the escape of fire, and that the same were in good order, but it is necessary, also, to be shown the engine was properly handled and managed by a competent and skillful engineer. *Chicago and Alton Railroad Co.* v. *Quaintance*, 58 Ill. 389; *Chicago and Alton Railroad Co.* v. *Clampit*, 63 ib. 95.

According to the decisions in the cases cited, it was incumbent on defendant to overcome by evidence the *prima facie* case made by proof of the fact the loss of plaintiff's property was occasioned by fire communicated by a locomotive engine on its road. Whether that was done, was fairly a question for the jury. Soon after the engine passed, the house containing plaintiff's goods was discovered to be on fire. No fire had previously been seen by persons who had just passed that way.

Evidence offered tends to show the train came up the grade, in the direction of the house, at an unusual rate of speed, was heavily loaded, and that the engine must have been laboring hard, which undoubtedly would have caused the issuing of unusual quantities of fire-sparks, and, a high wind prevailing from the south, carried the sparks in the exact direction of the house. On the question of the care observed by the employees of defendant in charge of the train, the testimony was conflicting, and, upon the whole evidence, we can not say the jury were not warranted in finding the company had not overcome the presumption of negligence which had been raised against it by proof of the principal fact, the fire which occasioned the destruction of plaintiff's property was communicated from an engine on its road.

One clause of the second instruction given for plaintiff is slightly inaccurate in stating defendant was obligated to observe a higher degree of care than the law imposes to prevent the emission of fire-sparks, but the jury were so fully and favorably instructed on that branch of the case, at the instance of defendant, we can not believe they were misled.

No error appearing that would warrant a reversal of the judgment, it must be affirmed, which is done.

*Judgment affirmed.*