Brusberg vs. The Milwaukee, Lake Shore & Western R'y Co.

BRUSBERG VS. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*April 7 — May 10, 1882.*

COURT AND JURY: RAILROADS: EVIDENCE. *(1) Credibility of witness for the jury. (2) Case stated: Nonsuit properly refused. (3) Evidence of defendant's negligence. (4) Right of cross examination.*

1. The credibility of testimony is to be determined by the jury, and not by the court.

2. Where the issue was, whether the fire which destroyed plaintiff's barn was caused by negligence of the defendant railway company in running its engine, defendant showed that the engine was a perfect one in all respects and was provided with suitable appliances in every respect for preventing the escape of fire; and the persons in charge of the engine at the time testified that it was run in a careful manner, and that the spark-arrester on the smokepipe, and the fire-box, were both closed, so that no dangerous coals or sparks could escape therefrom. The testimony for plaintiff was not only that the barn was found on fire shortly after the engine passed, but that, at the time of such passage, the engine was emitting sparks in great numbers and coals an inch or more in length; that some of these struck the barn, and some went under it; that coals of a similar size were seen immediately after on the track and on the snow beside the track, in the immediate vicinity of the barn; and that several stumps, a short distance from the barn and near the track, were also found to be on fire a short time after. Officers of the railway company also testified, that if the engine had been properly run and cared for, no coals of the size described could have escaped. *Held,* that the court did not err in refusing a nonsuit, and submitting to the jury the questions whether the fire was communicated to the barn from the engine, and whether the latter was negligently managed. *Spaulding v. Railway Co.,* 30 Wis., 110, and 33 id., 582, and *Read v. Morse,* 34 id., 315, distinguished.

3. The evidence as to the burning of the stumps adjoining the track, as above stated, was properly admitted, against defendant's objection; as was also testimony showing how the fire emitted by the engine on the occasion in question compared with that emitted by engines on the road at other times.

Brusberg vs. The Milwaukee, Lake Shore & Western R'y Co.

4. Where an improper statement by a witness as to what was said by another witness on a former trial, is made of his own motion, and not called out by the party in whose behalf he appears, the other party is not entitled to cross-examine the witness on that subject.

APPEAL from the Circuit Court for *Outagamie* County. The defendant appealed from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill.*

*Geo. W. Burnell*, for the respondent.

TAYLOR, J. This action was brought by the respondent to recover damages of the appellant company for negligently setting fire to his barn and other buildings, thereby destroying the same with their contents. This case has been in this court before, and the judgment in favor of the plaintiff was reversed for error in the instructions of the court. 50 Wis., 231. None of the questions raised on this appeal were commented upon or decided on that appeal. The learned counsel for the appellant insists that there was no evidence on the part of the plaintiff to sustain the verdict, and that his motion for a nonsuit should have been granted. He also takes exceptions to certain evidence offered and received on the part of the plaintiff, and to instructions given to the jury. It is strenuously insisted that the court should have nonsuited the plaintiff, because the company proved that the engine at the time was a perfect engine in all respects, and was provided with suitable appliances in every respect for preventing the escape of coals and fire when running upon the road, and because the persons in charge of the engine and train at the time it is alleged the fire was communicated therefrom to the plaintiff's barn, testified that the engine was run in a careful manner; that the spark-arrester, or screen on the top of the smoke-pipe, and the fire-box, were closed at the time, so that no coals or sparks of a dangerous kind could escape

therefrom. Had this been the only evidence in the case, and
had the plaintiff rested his right to recover upon proof that
his barn was burned by fire communicated by the passing
engine, without giving any positive proofs as to how the fire
was communicated from the engine to the barn, there would
have been a foundation for the claim of the learned counsel
for the appellant that a nonsuit should have been granted,
and the case would probably have been brought within the
rule laid down by this court in *Spaulding v. Railway Co.*, 30
Wis., 110, and 33 Wis., 582. In the case at bar the plaintiff
did not rely upon evidence which merely raised a presump-
tion that the fire was communicated by the passing engine,
but he proved by the testimony of several witnesses that the
fire was in fact so communicated, and the way and manner
of its communication. He proved by several witnesses that
when the engine passed the barn in question at the time the
fire was communicated, it was not only emitting sparks in
great numbers, but also coals an inch or more in length, and
that such sparks and coals struck against the barn, and some
of them went under it; that coals of a similar size were seen
immediately after on the track, and snow beside the track,
in the immediate vicinity of the barn; and that several
stumps a short distance east of the barn, on the line of the
railway track and near the same, where the same engine had
passed, were on fire a short time after it passed; and it was
also shown by the testimony of some of the officers of the
company, that, if the engine had been properly run and cared
for by those in charge of it at the time, no coals of the size
spoken of by the plaintiff's witnesses could have escaped
therefrom, and that if they did escape it would indicate that
the engine was not properly constructed, or that it was not
properly handled.

With this evidence before it, it is very clear that the court
was right in refusing to nonsuit the plaintiff. The credibility
of the testimony of the several witnesses was a matter for the

jury, and not for the court. If the plaintiff's witnesses testified truly, and coals and cinders an inch or more in length were emitted from the engine when it passed the point in question, which were carried by the wind in the direction of and upon and under the barn in question, and the barn was on fire a few minutes after the engine passed, there certainly was sufficient evidence to go to the jury upon both questions, whether the fire was communicated from the engine to the barn, and whether the engine was properly managed and run at the time, though it be admitted that the evidence on the part of the company was conclusive that the engine was properly constructed, and was furnished with the most approved appliance for preventing the escape of sparks, coals and cinders therefrom.

If the engine was properly made, so that when properly worked and handled by those in charge it would not and could not emit coals and cinders of the size which the plaintiff's witnesses testified they saw emitted by it at the time it passed the plaintiff's barn, and such as were found on the track and snow by the side thereof immediately after it passed, then it becomes a question of veracity between the plaintiff's witnesses and the witnesses of the defendant, who swear that the engine was properly handled and run at the time, with the screen of the smoke-stack closed, and the doors of the fire-box closed, so that such cinders and coals could not escape; and this question of veracity the court had no right to determine; its determination was for the jury, and it was properly submitted to them by the court. They were expressly instructed that in order to find a verdict for the plaintiff they must find "that the agents and employees of the defendant were at the time guilty of negligence in running and managing the locomotive, by means of which sparks or coals of fire were thrown out by it, and by the force by which they were thrown from the locomotive and the wind then prevailing, they were thrown upon the

buildings of the plaintiff." This instruction is in no way in conflict with the decisions of this court in the cases of *Spaulding v. Railway Co.*, 33 Wis., 582, and in *Read v. Morse*, 34 Wis., 315, and we think was sufficiently favorable to the defendant upon the proofs in the case. See also the cases of *Railroad Co. v. Funk*, 85 Ill., 460; and *Railroad Co. v. Campbell*, 86 Ill., 443; *Garrett v. Railroad Co.*, 36 Iowa, 121; *Gagg v. Vetter*, 41 Ind., 228. Had the proofs in the case on the part of the plaintiff gone no farther than to show that sparks escaped from the engine, which were carried by the wind in the direction of and upon or even under the barn, without showing the escape of ·coals and cinders of an unusual size, the proofs offered by the defendant might have been sufficient ·to have rebutted the presumption of negligence on the part of the employees arising from the mere fact that such sparks ignited the barn, and the case would have come within the rulings of this court in the cases above cited in 33 and 34 Wis. But the plaintiff gave proofs clearly showing, if true, that coals and cinders were thrown from the engine of an unusual size, and such as indicated negligence in fact in the management of the engine at the time. This evidence tended to show, not a mere legal presumption of negligence, as was said in the cases above referred to, but negligence in fact.

A witness for the plaintiff was allowed, against the defendant's objection, to testify how the fire thrown from the locomotive that morning, at the time it passed the plaintiff's barn, compared with the fire coming from the engines on that road before that time. We think this evidence was competent to show that it was at the time emitting an unusual quantity of fire. A similar objection was made to the same kind of testimony given by other witnesses of the plaintiff. We see no reason for excluding this kind of evidence, and think the objections were all properly overruled.

On the cross examination of one of the plaintiff's witnesses, by the defendant, he volunteered the statement that he had

heard another witness testify on a former trial of this case, and he further said, "I think he saw some of those sparks go against the buildings." The counsel for the defendant then asked the question, "Didn't he say he didn't, before?" This question was objected to by the plaintiff, and the court refused to permit the witness to answer. We think there was no error in this ruling. The defendant sought by his question to elicit from the witness on the stand what another witness had stated on the former trial of this action. This was clearly inadmissible, as the plaintiff had not called out anything which had been testified to by such witness on such former trial.

The defendant also alleges as error the admission of the evidence of the witness Waterman. This witness was permitted to testify that shortly after the train passed on the morning of the fire (about fifteen minutes after), he went up from the east on the track; that he noticed coals on the track, some as big as his thumb; saw a good many on the snow east of the track; the wind was from the west; saw coals fifty feet east of the track; did not notice any on the west of the track; should call the coals I saw fresh coals. I saw some stumps on fire east of the track, and fifteen feet from the track,—half a dozen; they were not on fire the night before; they were forty to sixty rods from the buildings of the plaintiff which were burned.

This evidence we think admissible for two purposes: *first*, as bearing upon the question whether the fire emitted from the engine set the plaintiff's buildings on fire; and *second*, upon the question of negligence in running the same at the time in question.

The admissibility of evidence of this kind is affirmed by the court of appeals in New York, by the supreme court of Massachusetts, and by the courts of most of the states which have passed upon the question, as will be seen from an examination of the cases cited below. We have no doubt of

its admissibility for the purposes above stated.   *Randall v. Telegraph Co.*, 54 Wis., 140; *Loring v. W. & N. Railroad Co.*, 131 Mass., 469; *Sheldon v. Hudson River Railroad Co.*, 14 N. Y., 218; *Field v. Railway Co.*, 32 N. Y., 339; *Cleaveland v. Grand Trunk Railway Co.*, 42 Vt., 449; *Philadelphia & Reading R. R. Co. v. Schultz*, 2 Am. & Eng. R. R. Cases, 271; *Gagg v. Vetter*, 41 Ind., 228; *Piggot v. Railway Co.*, 54 Eng. C. L., 228; 1 Redfield, Law of Railways, 476.

The learned counsel for the appellant has not in his brief, or in his oral argument at the bar, insisted upon his exceptions to the refusal of the court to give the instructions requested by him, nor to the instructions given. Upon an examination of the instructions asked and refused, and the charge given by the court, we think the instructions asked were properly refused, and those given properly submitted the case to the jury.

*By the Court.*— The judgment of the circuit court is affirmed.