Cook and another, Respondents, vs. Doud Sons and Company, Appellant.

*October 25—November 14, 1911.*

*Negligence: Fire set by traction engine: Insufficiency of spark arrester: Pleading: Variance: Appeal: Harmless errors: Evidence: Other fires: Questions for jury: Opinion evidence: Duty of operators of traction engines: Instructions to jury.*

1. In an action for the negligent destruction of plaintiff's property by fire caused by sparks emitted from a traction engine, where the complaint charged that defendant's negligence consisted in the use of an old and defective spark arrester which was out of repair, the admission of evidence that the spark arrester was not sufficient in point of design, if error, was not a prejudicial error for which the judgment for plaintiff should be reversed, under sec. 2669, Stats. (1898), and sec. 3072*m* (Laws

of 1909, ch. 192), in the absence of any showing that defendant was surprised or misled.

2. The spark arrester upon a traction engine, though not required to prevent absolutely the escape of all sparks, must be a reasonably sufficient device for that purpose.

3. The frequent setting of fires by a traction engine as it passed along a highway is evidence of insufficiency or improper management.

4. The evidence in this case—showing, among other things, that the weather was very dry, that there was much highly combustible material along the highway and near the building burned, that the roof of the building was covered with dust and chaff from recent threshing, that a high wind was blowing from the highway toward the building, that the spark arrester on the engine, having a large opening, was not a suitable one when wood was used as fuel, as at the time in question, and that the engine so equipped and burning wood frequently set fires by emission of sparks—warranted findings by the jury that the spark arrester was insufficient in point of design and that defendant failed to exercise ordinary care in providing and using it.

5. Further evidence that two or three minutes after the engine passed on the highway a fire was discovered on the roof of the building in a position indicating that it started from a spark dropped there, and that there was no other apparent cause for the fire, warranted the jury in finding that the fire was set by defendant's engine and that defendant's failure to exercise ordinary care was the proximate cause of plaintiff's damage.

6. Opinion evidence may be given on the very point the jury is to decide, in cases where such point is clearly within the field of expert testimony and the opinions offered are based upon undisputed facts or assumed facts warranted by the record.

7. Testimony comparing wood and coal as to the sparks emitted therefrom was competent on the question whether, at the time and under the existing conditions, it was negligence to use wood in the engine with an open spark arrester.

8. One of defendant's witnesses having testified on cross-examination that all spark arresters have some open space, it was not error to admit evidence offered by plaintiff tending to rebut such statement.

9. Evidence that other fires were set by the engine in question under conditions similar to those existing when the fire in question was set, was competent not only upon the question of the sufficiency of the spark arrester, but also upon the issues as to whether the engine set this fire and as to notice of the insufficiency of the spark arrester.

10. The owner and operator of a traction engine should use reasonable precaution to provide an engine so constructed and equipped as to avoid the unnecessary communication of fire to premises adjoining the road on which it travels.
11. An instruction to the jury that the owner and user of a traction engine "should provide the best and most approved appliance known to him and in general practical use" for the prevention of fire, is *held*, though erroneous in itself, to have been so effectually qualified by other language of the charge that the jury could not have been misled.

APPEAL from a judgment of the circuit court for Marathon county: JAMES O'NEILL, Judge. *Affirmed.*

This action was brought to recover damages for the destruction of plaintiff *Cook's* barn and other property by fire, alleged to have been caused by the emission of sparks from a traction engine while being operated by defendant on the highway near plaintiff's premises. [The other plaintiff is a fire insurance company which had paid $626.65 to plaintiff *Cook* in settlement of his claim against it for the loss.] At the close of plaintiffs' case motion for nonsuit was denied, and at the close of all the evidence motion to direct verdict for defendant was denied.

The jury returned the following special verdict:

"(1) Was the fire which burned plaintiff's barn and other property caused by sparks or cinders of fire emitted from defendant's traction engine? *A.* Yes.

"(2) Was said traction engine properly equipped with a spark arrester reasonably sufficient to prevent the escape of sparks and cinders? *A.* No.

"(3) Did the defendant fail to exercise ordinary care in providing and using the spark arrester in use at the time plaintiff's property was burned? *A.* Yes.

"(4) If you answer question number 3 'Yes,' then was such failure to exercise ordinary care the proximate cause of plaintiff's damage? *A.* Yes.

"(5) What was the value of plaintiff's barn and shed addition at the time it was burned? *A.* $657.75.

·"(6) What was the value of plaintiff's hay at the time it was burned? *A.* $400.

VOL. 147 — 18

"(7) What was the value of the remainder of plaintiff's property that was burned at the time it was burned? A. $150."

The usual motions after verdict were made and denied and judgment entered for the plaintiffs, from which judgment this appeal was taken.

For the appellant there was a brief by *P. A. Williams,* attorney, and *B. R. Goggins,* of counsel, and oral argument by *Mr. Goggins.*

For the respondents there was a brief by *Kreutzer, Bird, Rosenberry & Okoneski,* attorneys for *Cook,* and *E. C. Pors,* attorney for the *McMillan Grange Mutual Fire Insurance Company.*

KERWIN, J.    It is argued that the plaintiffs failed to make out a case against the defendant and therefore judgment should have been ordered for the defendant.    It is strenuously insisted by the learned counsel for appellant that there is a fatal variance between the allegations of the complaint and the evidence adduced; and further that the evidence is not sufficient to support the findings of the jury.

The complaint charges that on the 27th of August, 1909, the defendant caused to be run on the highway by the premises in question a load of cars drawn by a traction engine which did not have upon it any sufficient or proper spark arrester, but instead was equipped with an old, defective screen, full of large holes, which had been from time to time partially but inefficiently and ineffectually repaired, as a result of which the engine when running continually emitted large and dangerous sparks; that there was not upon the smoke box any sufficient or adequate screen, but instead a temporary makeshift screen placed there, which was entirely ineffectual to prevent large quantities of coals, cinders, and sparks from escaping therefrom.    Further on the complaint alleges:

"On said 27th day of August, 1909, the said engine, while passing the plaintiff *Cook's* premises, and because of the fail-

ure to properly equip the same with spark arrester and smoke-box screen, and because of the negligent use of wood at said time when coal could as well have been used, emitted large quantities of sparks, cinders, and coals which were carried to the premises of this plaintiff, *Cook,* thereby setting fire to the same and totally consuming all of the property above described and causing to the plaintiff damage to an amount exceeding the value thereof."

The complaint also alleges that "the defendant could at very small cost have placed upon said engine a sufficient spark arrester and screen on the smoke box, which would have practically prevented the escape of sparks, cinders, and coals therefrom, but the defendant negligently and carelessly for a long time prior to said time omitted so to do." There is also a separate allegation to the effect that it was practicable to have operated the engine by burning coal instead of wood, which would have greatly decreased the danger of setting fire along the road, but that defendant operated the engine by burning wood, thereby greatly increasing the hazard of setting fire to adjoining property.

The attack made upon the complaint by counsel for appellant is that it charges negligence in wear and failure to repair, and in burning wood instead of coal, while the defect proved was negligence in design of the arrester, in consequence of which the arrester as constructed had a large opening at the top through which the sparks escaped and therefore was not a safe or proper arrester when wood was used for fuel; that it was not sufficient in point of design. The evidence shows that the arrester was in perfect shape as originally constructed. But it appears that it was constructed with a funnel so placed inside of the arrester as to leave an opening above the funnel so that sparks in ascending could escape from the arrester, and did escape when wood was used for fuel, as was the case at the time of the fire in question.

The court below held, upon objection seasonably made, that the complaint was sufficient to admit evidence to the effect that the spark arrester was not sufficient in point of design.

We are inclined to the opinion that the court was in error in its ruling in this regard, but we cannot say that the defendant was prejudiced thereby.    While the complaint did not charge insufficiency in point of original construction or design, it did charge negligence in using a spark arrester which emitted sparks through openings in the arrester.    The ar-rester was in the possession of the defendant and its condi-tion, obviously, was well known to it.    And it must have known that the opening which allowed the sparks to escape was not made by wear, hard usage, or failure to repair, but by design in the construction.    After objection to the evidence respecting insufficiency in design was overruled the defendant proceeded with the trial to verdict without making any show-ing of surprise.    The rule is well settled in this state under our statutes and the decisions of this court that such error must be disregarded unless the complaining party is preju-diced by it.    The appellant failed below and fails here to show that he was misled by the error.

Sec. 2669, Stats. (1898), provides that no variance be-tween the allegations in a pleading and the proof shall be deemed material unless it shall actually mislead the adverse party to his prejudice, and whenever a party claims that he has been misled that fact must be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading amended upon such terms as may be just.    Also sec. 3072m, Stats. (Laws of 1909, ch. 192), provides, among other things, that no judg-ment shall be reversed, set aside, or new trial granted in any action or proceeding on the ground of error as to matter of pleading or procedure, unless in the opinion of the court it shall appear that the error complained of has affected the sub-stantial rights of the party seeking to reverse or set aside the judgment or to secure a new trial.    We cannot say that the error was prejudicial to the appellant or affected his substan-tial rights.

It is further insisted by appellant that the evidence is insufficient to support the findings of the jury on the following points, viz.: that the spark arrester was insufficient in point of design; that the defendant failed to exercise ordinary care in providing and using the spark arrester, or that the failure to exercise ordinary care was the proximate cause of the damage; that the defendant's engine set the barn on fire.

We are unable to adopt the views of counsel for appellant that the findings are not supported by the evidence. The spark arrester was put in evidence below and is before us in this court. It shows that in construction a large opening was left between the screen and top of the funnel. There is abundance of evidence that this engine, so equipped and burning wood, was usually setting fires by means of sparks emitted, when the weather was very dry. Some of the fires were set forty or fifty feet from the road where the engine traveled,— one about five rods and one from 150 to 200 feet from the road. There is also evidence that such a spark arrester with such an opening as the one in suit was not a suitable contrivance where wood was used for fuel, but that the arrester should be screened all over. There is also evidence that the engine was made for use of either wood or coal. One witness testified that the spark arrester was a coal arrester, because an opening is required for coal, and is not proper for wood.

Counsel argue that all engines emit some sparks. This may be conceded. But the spark arrester must be reasonably safe and capable of doing what a good and sufficient device would be capable of doing under such circumstances, and so the jury were required to find whether the spark arrester was reasonably sufficient to prevent the escape of sparks and cinders. The frequency of fires set by the engine as it passed along the highway is evidence of insufficiency or improper management. *Stacy v. M., L. S. & W. R. Co.* 85 Wis. 225, 54 N. W. 779.

The evidence is also ample to support the finding that the

defendant failed to exercise ordinary care in providing and using the spark arrester in use at the time plaintiff's property was burned. The weather was very dry and a great abundance of highly combustible material along the highway and in the adjoining field.

The roof of the burned barn before the fire was covered with dust and chaff accumulated there by the threshing which was done only about a day before the fire. There was a high wind blowing towards the barn from the highway where the engine was traveling. The jury under the evidence were entitled to consider whether the engine was designed for wood and all the other evidence in the case and were justified in answering the question as they did. *Martin v. Bishop,* 59 Wis. 417, 18 N. W. 337; *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223; *Read v. Morse,* 34 Wis. 315; *Chicago & A. R. Co. v. Quaintance,* 58 Ill. 389; *Glanz v. C., M. & St. P. R. Co.* 119 Iowa, 611, 93 N. W. 575.

The evidence is also sufficient to support the finding that the engine set the fire which destroyed the property of the plaintiff. The barn was, according to some evidence, about 187 feet from the highway. About two or three minutes after the engine passed a fire was discovered on the roof of the barn. There was no other fire about, or apparent cause for the fire on the barn. There was a strong wind towards the barn from the point where the engine passed. The position of the fire on the roof when it first started would indicate that it started from a spark dropped there. All the circumstances disclosed by the evidence tended strongly to show that the fire was set by the defendant's engine, and the jury were well warranted in drawing such inference. *Theresa Village Mut. F. Ins. Co. v. Wis. Cent. R. Co.* 144 Wis. 321, 128 N. W. 103. In *Abbot v. Gore,* 74 Wis. 509, 43 N. W. 365, this court said: "The fact that the engine passed shortly before the fire was discovered is some evidence tending to show that the engine did set the fire, notwithstanding it was in good order and properly managed."

Nor have we any doubt but that the jury were entitled to find that the failure on the part of the defendant to exercise ordinary care was the proximate cause of the plaintiff's damage.

Error is also assigned upon the admission of evidence. The evidence respecting the sufficiency of the arrester in design has already been considered.

It is also insisted that error was committed in permitting witnesses to express the opinion that the spark arrester was insufficient when hardwood slabs and edgings were used for fuel, and that the engine threw more sparks than it should. Objection was made to this evidence on the grounds (1) that no foundation was laid for it in the complaint; (2) that the witnesses were not competent; and (3) that the question was for the jury. As to the first point sufficient has been said heretofore under the head of variance between the pleadings and the proof. We think the evidence was ample to qualify the witnesses to testify as experts as against objection to their competency, if such objection had been made. Respecting the objection to the evidence that the engine "threw more sparks than it should," the witness did not answer in that form, but merely said in answer to the question, "Why, she threw sparks." This answer of the witness did not cover an issue submitted to the jury by the special verdict. But opinion evidence may be given on the very point the jury is to decide when confined to cases where such point is clearly within the field of expert evidence and the opinions offered are based on undisputed facts, or assumed facts warranted by the record. *Maitland v. Gilbert P. Co.* 97 Wis. 476, 72 N. W. 1124; *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 106 N. W. 1081; *Innes v. Milwaukee,* 103 Wis. 582, 79 N. W. 783.

It is insisted that error prejudicial was committed in allowing comparison between wood and coal as to sparks emitted. This evidence was competent on the point as to whether at the time and under the conditions disclosed by the evidence it was exercise of ordinary care to use wood in the engine

with an open spark arrester. One of defendant's witnesses on cross-examination testified that all spark arresters have some open space. It is claimed that it was error to admit evidence offered by plaintiff tending to rebut this. We find no prejudicial error in this regard. It is also claimed that evidence of fires on return trips when the engine was not loaded was error, and *Menominee River S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447, 65 N. W. 176, is relied upon. But in that case the ruling was that evidence of fires several months earlier by the same engine was incompetent when, after them and before the fire in question, the engine had been thoroughly overhauled and put in proper condition. In the case at bar there is evidence of emission of sparks and fire on return trips and when the engine was not loaded and under conditions similar to those existing when the fire in question was set.

Error is assigned upon the charge and in refusal to charge as requested. Under exceptions, designated as exceptions 2 to 6, referring to question 2 of the verdict, the court instructed in respect to the care imposed by law upon one using a traction engine. Under the foregoing head the following part of the charge is excepted to: "As a general rule it may be said that the owner and operator of a traction engine should use reasonable precaution to provide engines so constructed and equipped as to avoid the unnecessary communication of fire to premises adjoining the road on which it travels." We discover no error in the foregoing.

Perhaps the most objectionable part of the charge under this head is covered by exception 5, which reads:

"Such owner and user of a traction engine should provide the best and most approved appliance known to him and in general practical use and which under the circumstances it is reasonable to require the owner of such engine to adopt."

In so far as this instruction states that the owner and user "should provide the best and most approved appliance known to him," it is objectionable and erroneous as requiring too

high a degree of care. But the latter part of the instruction qualifies the former and required the defendant to provide only such engine as is "in general practical use and which under the circumstances it is reasonable to require the owner of such engine to adopt." The court further qualified this instruction by stating:

"This rule does not mean, however, that the owner of the engine is bound to adopt any particular kind of an appliance for the prevention of fire, and if the kind it has adopted has been approved and in general use, it is not guilty of negligence for failing to adopt appliances of a different kind."

We think the objectionable words were so effectually qualified in the charge that the jury could not have been misled by them, and therefore no prejudicial error was committed. *Read v. Morse,* 34 Wis. 315; *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110.

Exception is taken to portions of the charge respecting the emission of sparks under certain conditions and the presumption arising therefrom, and whether the engine was equipped with a spark arrester reasonably sufficient to prevent the escape of sparks and cinders. In this connection the court charged the jury:

"It is proper for the court to further instruct you that the evidence shows, and the law recognizes the fact, that all locomotives and traction engines are liable to throw out sparks which will set fire in a dry time. It is a truth tested by common experience, that by no means, which the ingenuity or cunning of man has yet been able to devise or discover, can the escape of sparks and coals of fire be entirely prevented. So, the jury will not decide that this spark arrester is insufficient merely because sparks and cinders escaped and set fires."

Error is assigned on refusal to give the following instruction:

"I instruct you, gentlemen of the jury, that the evidence of other and former fires set by the engine in question, if you should find that such fires were by it so set, was received

solely as bearing upon the condition and reasonable suffi-
ciency of the engine at the time of the occurrence of such fires
and at the time of the *Cook* fire, and cannot by you be consid-
ered as evidence that said engine in fact set the *Cook* fire."

This request was properly refused. The evidence in the
record was not received solely on the issue of condition of the
engine, but was received generally, and had a bearing on the
issues as to whether the engine set the fire in question and
notice as to the sufficiency of the spark arrester.    1 Wigmore,
Ev. § 452; *Spaulding v. C. & N. W. R. Co.* 30 Wis. 110;
*Brusberg v. M., L. S. & W. R. Co.* 55 Wis. 106, 12 N. W.
416.

We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.