MARY HALLENBECK, Respondent, *v.* S. WANDER & SONS' CHEMICAL COMPANY, INC., Appellant.

JOHN F. HALLENBECK, Respondent, *v.* S. WANDER & SONS' CHEMICAL COMPANY, INC., Appellant.

Third Department, July 7, 1921.

Negligence — action by servant of purchaser of can of chlorinated lime to recover from manufacturer for injuries received from explosion and action by husband for expense and loss of services — manufacturer liable — evidence that can came from defendant — admissibility in evidence of letter written by defendant after accident that new device had been invented to prevent explosion — judgment by Appellate Division on merits by virtue of Code of Civil Procedure, § 1317.

In an action by a servant of a person who purchased a can of chlorinated lime from a retail druggist, to recover from the manufacturer thereof for injuries caused by the explosion of the can while it was being opened, which was tried with an action by the husband for expense and loss of services, *held,* that there was evidence that the material used in filling the can was dangerous and liable to explode where the gas could not escape, and that the finding of the jury that the can of lime in question was manufactured or put up by the defendant was sustained.

A letter written by the defendant to the druggist after the accident in which the defendant stated, "we have invented a disc of some kind that is now being put in on all cans which will prevent the possibility of any explosion in the future," was competent as some evidence that the defendant was the packer and distributor of the can in question; and, *it seems,* that said letter was also competent to show that better, safer and more practicable devices than those used were available to the defendant and that, therefore, it was not subject to the objection that it showed a changed condition after the accident.

Moreover, even if said letter was not entirely competent it was so near so that the Appellate Division, the judgments being right on the merits, will affirm the same under section 1317 of the Code of Civil Procedure.

APPEAL in the first entitled action by the defendant, S. Wander & Sons' Chemical Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 18th day of November, 1920, on the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 20th

day of November, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

Appeal in the second entitled action by the defendant, S. Wander & Sons' Chemical Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 18th day of November, 1920, on the verdict of a jury for $200, and also from an order entered in said clerk's office on the 20th day of November, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Robert H. Woody* [*Norman G. Hewitt* of counsel], for the appellant.

*Herbert F. Roy,* for the respondents.

KILEY, J.:

On January 30, 1919, John C. McClure, a druggist located at Coxsackie, N. Y., purchased of the Gibson-Snow Company of Albany, N. Y., twelve cans of chlorinated lime. On July 8, 1919, he sold to a Mrs. Tompkins a can of this chlorinated lime for use in her house. At that time he had three or four cans of the dozen he had purchased of the Gibson-Snow Company left upon his shelves. This can was stamped the " triangle " brand, and at the time he purchased the shipment in January, 1919, the defendants were the sole packers and distributors of that particular brand. Previous to 1917, the druggist had purchased the same brand (triangle) of the Mendleson Company. On July 11, 1919, the plaintiff, who was a servant in the household of Mrs. Tompkins, attempted to open the can; it exploded and caused the injuries complained of here. Her husband's action, tried herewith, was for expense and loss of service. The plaintiffs had a verdict in each case. The defendant did not offer any evidence, but depends on exceptions to reverse the verdicts. The theory upon which the action is maintained was announced in *Thomas* v. *Winchester* (6 N. Y. 397) and followed down through the book ages, until it was again expressly affirmed in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382). Appellant says, even if the rule stated in the above cases still obtains,

there was no proof that this can contained dangerous material. There was evidence that material used in filling such cans and with this particular brand was dangerous and liable to explode where the gas could not escape. As for this particular can, they had the can and the explosion took place. The danger was manifest, the extent of damage done fairly well measured the danger under conditions existing, under circumstances detailed by the chemist upon the stand. The can was air tight, the pressure of the gas confined could reach thirty pounds at its peak, enough to blow off the top of a can on the least provocation. It is further urged on the part of the appellant that this can was not traced to stock sold by the defendant. Without going into detail to any great extent, it does appear that the material becomes inert by age, and in much shorter time than that elapsing between 1917 and July, 1919. The druggist purchased all of this brand of the Gibson-Snow Company after 1917, and that firm purchased all of its stock of defendant during the like period. There is evidence to sustain the finding of the jury that this particular can came from defendant. There is only one question raised upon the trial of this case that casts any doubt of the right to affirm these judgments, that is the reception of a letter written on July 16, 1919, to the druggist at Coxsackie, in reply to a letter that the druggist had written the Gibson-Snow Company. This letter was competent so far as its contents indicated that the defendant was the packer and distributor of the substance that exploded. In addition the letter contained information that it had invented and was putting on all cans a disc that prevented the possibility of an explosion. The reception of the letter in evidence was objected to and objection overruled. The objection was taken generally and then specifically to the latter part of the letter, as showing a changed condition after the accident which was prejudicial to the defendant. The disc so invented by defendant was also put in evidence over defendant's objection. We are familiar with the rule contended for by the appellant, viz., that you cannot show changes made after an accident by the one charged with negligence as an admission that such change was needed and should have been made before the accident occurred, and if the changes had been made the

accident would not have occurred.  If such is the effect of the admission of the letter and disc in evidence, the judgment must be reversed.  As to the letter, it was competent for the purpose for which it was offered, viz., as some evidence that the defendant was the packer and distributor of the can in question.  The respondents find authority for its reception in evidence in *Dutchess Company* v. *Harding* (49 N. Y. 321), distinguished in *Flood* v. *Mitchell* (68 id. 512).  The attention of the court was specifically called to the portion of the letter which defendant deemed objectionable by the objection taken, and if there is no other light in which the letter may be considered competent, it is questionable if 49 New York (*supra*) can save the situation.  (See *People* v. *Rose*, 52 Hun, 33, and cases therein cited.)  I feel that the judgments are right upon the merits, and that every reasonable intendment should be pursued in an effort to uphold them.  To that end another line of reasoning may be properly invoked.  The evidence of the chemist shows that for some time prior to January, 1919, there had been sold upon the market chlorinated lime in containers with cardboard sides covered with paraffin, and that such containers were not air tight and permitted the excess of gas generated to escape, and thus prevent explosion; in fact no case of such containers exploding is recorded, while many of the metal cans had exploded, and where damage occurred, two at least involving this defendant in litigation.  (*Stellwagen* v. *Wander & Sons' Chemical Co., Inc.*, 192 App. Div. 943; *Groves* v. *Wander & Sons' Chemical Co., Inc.*, Id. 948.)  The plaintiff in all negligence cases may show that better, safer and more practicable devices than those used were available to the defendant.  While the cases hold that defendant is not bound to use the best-known appliances (*Harley* v. *B. C. M. Co.*, 142 N. Y. 31), it has always been a question for the jury whether out of such as were available he used such of them as were reasonably fit and safe.  Applying that rule here, we have this state of facts:  On July 16, 1919, five days after the accident, including the day the letter was written, the defendant said in the letter to which this objection was taken, " we *have* [past tense] invented a disc of some kind that is now being put in on all cans which will prevent the possibility of any explosion in the future."  It will be recalled

that the chemist in his testimony described such a disc and its safety properties. So far as the record discloses, it was exactly this kind of a disc. The defendant does not say we are going to invent, but that it had invented a disc and it was then put out upon the market. It must be presumed that it had been out for some time. Why was it not competent to show all devices in use that were out before the accident happened? This is close, but if it is not entirely competent it is so near so that we are called upon to apply the rule laid down in section 1317 of the Code of Civil Procedure, viz., " After hearing the appeal, the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." This defendant knew when the disc was put upon the market. Its silence gives rise to the presumption that it had existed before January, 1919, when this lot of chlorinated lime was purchased.

The judgments should be affirmed, with costs.

Judgments and orders unanimously affirmed, with costs.