Annie Biateck, P. P. A., *vs.* Frank Zawada et al.

First Judicial District, Hartford, January Term, 1927.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued January 5th—decided April 11th, 1927.

Action to recover damages for personal injuries, alleged to have been caused by the defendants' negligence, brought to the Superior Court in Hartford County and tried to the court, *Wolfe, J.;* judgment for the plaintiff to recover $2,281 from the defendant Frank Zawada, from which he appealed. *No error.*

*Charles J. Fowler,* for the appellant (defendant Frank Zawada).

*Henry J. Calnen,* with whom, on the brief, was *William J. Mulligan,* for the appellee (plaintiff).

Per Curiam. The findings complained of were made on conflicting evidence; errors based upon their correction must prove fruitless. The defendant's assignments of error, that the facts found do not support the court's conclusions that defendant was negligent and that plaintiff's negligence did not proximately contribute to the injuries she sues to recover for, are, upon the finding uncorrected, without merit.

Error is assigned because of the allowance of an

(724)

amendment by the court after the trial, and upon its own suggestion. Neither finding nor record shows that the amendment was allowed after trial, nor that it was allowed over defendant's objection and exception, nor that defendant did not have full opportunity to have made objection to its allowance. In the absence of a finding we cannot consider this ground of appeal. The finding that plaintiff suffered a crossing of the eyes as part of her injuries is assigned as error because not alleged in the complaint. The evidence came in without objection; it is too late to question it. Moreover, it was, as we think, fairly responsive to the allegation that plaintiff "suffered a displacement of facial features which caused a disfigurement for life."

There is no error.