ELIZABETH V. DELMORE *v.* WILLIAM POLINSKY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 7—decided April 5, 1945.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*William J. Willetts,* with whom was *George C. Morgan,* for the appellee (plaintiff).

JENNINGS, J. The jury could have found the following facts: The plaintiff, an invitee, entered the store of the defendant in New London to buy a hat. The hat department, which was operated by the Outlet Company, was located toward the rear of the store. About six to eight feet across the aisle from the counter a staircase descended to the basement. There were two steps down to a landing, from which the stairs led at a right angle to the basement. The two steps were within the general floor area. There were newel posts at each end of the top step but it was not otherwise protected. After the hat was selected, the clerk went down these stairs to the basement and procured two boxes, and upon her return the plaintiff selected the box she wanted. Looking towards the stairway, there was a settee just to its left, opposite the counter. The clerk wrapped up the hat on this settee. The plaintiff stood near, with her back to the stairway, watching the clerk. When the clerk handed her the package, she turned toward the front of the store and fell backwards down two steps to the landing, sustaining the injuries of which she complains.

The complaint alleged that the stairway was defectively constructed and was dangerous to customers by reason of its location and because it was unprotected and unguarded. The plaintiff had a verdict and the defendant appealed from the denial of his motion to set it aside. This action of the court is entitled to great weight. *Masi* v. *General Ice Cream Corporation,* 120 Conn. 259, 262, 180 Atl. 455. Negligence and contributory negligence are ordinarily questions of fact. *Belledeau* v. *Connecticut Co.,* 110 Conn. 625, 632, 149 Atl. 127.

The duty of the defendant as to the plaintiff, an invitee, was to use reasonable care to maintain the premises in a reasonably safe condition for her use. *Adams* v. *Mohican Hotel,* 124 Conn. 400, 402, 200 Atl. 336. There was definite expert testimony that the arrangement of the steps was unsafe. This is sufficient to support a finding of negligence. Ibid. The evidence shows, it is true, that there was substantial foundation for the principal claim of the defendant, that the plaintiff was guilty of contributory negligence as a matter of law. The facts in *Johnson* v. *Pulidy,* 116 Conn. 443, 165 Atl. 355, are, however, so similar that there is no necessity of discussing those in the case at bar or the applicable legal principles in any detail. There, as here, the most probable cause of the plaintiff's fall was momentary inattention. This was held not to defeat her right to have her claim passed on by the jury, and the direction of a verdict was held improper. In the case at bar the question of contributory negligence was, under the circumstances, one of fact for the jury. The denial of the motion to set the verdict aside was correct.

The defendant also appealed from the judgment, alleging errors in the charge and in rulings on evidence. The assignments of error in the charge were withdrawn in oral argument because no requests to charge were filed nor were oral objections made in accordance with the requirements of Practice Book, § 156. Each paragraph of the finding stating rulings on evidence contained several to which exception was taken. This is not good practice and makes it difficult to determine the real ground of error relied on by the appellant. *Lovejoy* v. *Darien,* 131 Conn. 533, 535, 41 Atl. (2d) 98; *Hollister* v. *Cox,* 131 Conn. 523, 525, 41 Atl. (2d) 93. As nearly as they can be ascertained, the basic rulings were two in number.

The plaintiff had the burden of proving, on the issue of negligence, that the defendant had done something that the ordinarily prudent person would not have done or had omitted to do something that that person would have done. *Guilford* v. *Yale University*, 128 Conn. 449, 454, 23 Atl. (2d) 917. Any evidence relevant to that issue was admissible unless excluded by some rule of law. *Pope Foundation, Inc.* v. *New York, N. H. & H. R. Co.*, 106 Conn. 423, 435, 138 Atl. 444. "One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable." Ibid.

The plaintiff produced a witness, apparently as an expert, who was asked, among other things, how the stairs could be constructed so as to go down into the basement without any hazard. This question was objected to on the ground that it was academic and contained an assumed fact not in evidence. It was admitted. The testimony of the expert that the condition which he considered unsafe could have been remedied by practical means must have helped the trier to determine the issue of negligence as defined above. Ibid.; *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 386, 71 Atl. 356; *Adams* v. *Mohican Hotel*, supra. "The plaintiff in all negligence cases may show that better, safer and more practicable devices than those used were available to the defendant." *Hallenbeck* v. *Wander & Sons' Chemical Co., Inc.*, 197 App. Div. 855, 858, 189 N. Y. S. 334; *Cook* v. *Doud Sons & Co.*, 147 Wis. 271, 280, 133 N. W. 40; *Hodges* v. *Percival*, 132 Ill. 53, 56, 23 N. E. 423; *Tvedt* v. *Wheeler*, 70 Minn. 161, 169, 72 N. W. 1062; *Erickson* v. *McNeeley & Co.*, 41 Wash. 509, 519, 84 Pac. 3; *Norwood Clinic*,

*Inc.* v. *Spann,* 240 Ala. 427, 432, 199 So. 840. The court did not err in overruling the objection.

The second ruling on evidence related to damages. The complaint alleged that the plaintiff received "injuries to her head, back, left hip, left shoulder and abdomen, a severe shock to her nervous system, and permanent injuries, as the result of which she was obliged to receive hospitalization and surgical and medical care and attention." The plaintiff's physician testified that she had an injury to her right kidney, inducing pain and frequency of urination, that one kidney was removed and that it contained a cyst which, in the opinion of the doctor, resulted from the trauma. Hospital and doctors' bills were also introduced in connection with this operation.

The defendant objected to all of this testimony on the ground that it was not covered by the complaint. The rule is that "if recovery is sought for consequences which do not necessarily and immediately flow from the injury, the damages therefor are known as special and cannot be recovered unless alleged in the complaint or specified in a bill of particulars." *Baldwin* v. *Robertson,* 118 Conn. 431, 435, 172 Atl. 859. Considerable latitude has been shown plaintiffs in construing allegations of general injuries, particularly when no motion for a more specific statement is made; ibid.; *Skaling* v. *Sheedy,* 101 Conn. 545, 552, 126 Atl. 721; *Kane* v. *New Idea Realty Co.,* 104 Conn. 508, 510, 133 Atl. 686; *Biateck* v. *Zawada,* 106 Conn. 724, 725, 136 Atl. 867; *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 434, 40 Atl. (2d) 770. The abdomen is the cavity between the thorax and pelvis "containing the stomach, intestines, liver, etc." Webster's New International Dictionary (2d Ed.). This definition includes the kidneys. In *Gribbin* v. *Fox,* 130 N. J. L. 357, 358, 32 Atl. (2d) 853, an allegation

of a severe injury to the abdomen was held to permit recovery for a retroverted uterus. The allegation of injury to the abdomen in connection with that of the resulting hospitalization and surgery was sufficient to put the defendant on notice of the injury to the kidney. The ruling admitting the testimony was correct.

There is no error.

In this opinion the other judges concurred.