[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion to Preclude Introduction ofEvidence as to Special/Consequential Damages
In this case the plaintiff bank has filed a motion in limine prohibiting the defendant from introducing at trial any evidence regarding special damages in prosecuting its counterclaim against the bank. The motion was filed shortly before trial was scheduled to begin in the middle of August. Jury selection began but a mistrial had to be declared and the matter was continued to the week of September 30 for trial.
The counterclaim alleges that prior to October 1988 the bank and Mr. Saldamarco had a longstanding business relationship whereby he could borrow up to $150,000 on an unsecured basis. Saldamarco at that time approached the bank to increase his line of credit to $250,000. Saldamarco told the bank, according to the complaint that he was going to use the money to expand various businesses which the bank was well aware of from its dealings with Mr. Saldamarco. CT Page 5361
The bank agreed to increase the line of credit in consideration of Saldamarco's agreement to continue to use the bank "as his primary bank for business." The line of credit was to be granted for a three year period ending in October 1991, thereafter subject to annual renewals. The complaint alleges that the bank told Saldamarco that as long as he was in compliance with the lending agreements funds would continue to be advanced under the line of credit and based on these representations Saldamarco continued to expand his business operations. In July 1990 the bank notified Saldamarco it would not make any further advances under the line of credit and that it expected Saldamarco to make payments towards his indebtedness — this despite the fact Saldamarco had been complying with the terms and conditions of the Line of Credit note.
The complaint goes on to allege the bank's action was a breach of contract, arbitrary and capricious. In the tenth and final paragraph of the breach of contract count which is incorporated in the remaining four counts, it says:
 "10. As a result of the counter defendant's (the bank's) breach of its contractual obligation, the counter plaintiff (Saldamarco) has suffered and will continue to suffer serious monetary damages."
As noted, the defendant bank argues that the Saldamarco counterclaim does not permit a recovery called special damages in the breach of contract, breach of the covenant of good faith, breach of fiduciary duty, and Connecticut Unfair Trade Practices Act claims.
What do we mean by special damages as opposed to general damages? The accepted rule in contract law is that general damages are always recoverable since they represent the value of the performance of the very performance that was promised. But special or consequential damages may or may not be recoverable depending on whether the risks of those special damages were part of the basis of the bargain between the parties — special damages have to have been in the contemplation of the parties at the time of contract formation to be recoverable. See generally, Dobbs, Law of Remedies, 2d ed. (1993), § 12.4(1), pp. 63-64 (rule based on older English case of Hadley v. Baxendale,
156 Eng. Rep. 145 (1854)). Whether on the merits the plaintiff here could, if he were permitted, prove the necessary facts to CT Page 5362 establish a claim for special damages on the contract count or whether as a matter of substantive law he would be entitled to such damages and could prove them as to the other counts is not the question that is now before the court. The question before the court is a question of pleading practice and fair notice. But it is also true that the fair notice issue must be analyzed in light of the substantive law of which the parties should be taken to be aware. The defendant bank correctly refers to the case law on this pleading issue. An early case held that "where the damages are special, the matter must be distinctly averred . . . in order to apprise the defendant of the nature of the claim."Tomlinson v. Town of Derby, 43 Conn. 562 (1876). In Delmore v.Polinsky, 132 Conn. 28, 33 (1945) the court held that "if recovery is sought for consequences which do not necessarily and immediately flow from the injury, the damages are known as special and cannot be recovered unless alleged in the complaint or specified in a bill of particulars," also see Bombero v.Marchrone, 11 Conn. App. 485, 492 (1987), Manning v. Michael,188 Conn. 607, 617 (1982). This rule applies to tort claims as well as to contract claims of Thomas Shipyard Repair Co. v.Willametz Z, 37 Conn. Sup. 19 (1978).
The bank argues that the traditional measure of damages for a claimed breach of an agreement to loan money is limited to proving damages that pertain to the costs associated with acquiring a new line of credit with a different financial institution. This would be a claim for general damages, Restatement (Second) Contracts § 351 Comment e (1979). The bank argues that since Saldamarco did not plead special or consequential damages claiming losses allegedly suffered in his real estate development, used car, and second mortgage business, he cannot now be allowed to prove those damages at trial but is confined to the traditional damages for breach of a line of credit referred to in the Restatement. Did the complaint fairly plead special or consequential damages here? The test is set forth in a footnote in Waterbury Petroleum Products, Inc. v.Canaan Oil Fuel Co., 193 Conn. 208, 223-224, fn. 16.
 "Whether a complaint gives sufficient notice is determined in each case with reference to the character of the wrong complained of and the underlying purpose of the rule which is to prevent surprise upon the defendant."
It is difficult to understand how the issue of surprise as to CT Page 5363 a damage claim can be analyzed without reference to the substantive law which provides the basis of the complaint. That is what the court in Waterbury Petroleum Products apparently meant when it said the notice issue in part depends on the wrong complained of by the plaintiff.
Thus, it is true and counsel for Saldamarco agrees that, in the ordinary breach of contract to lend money, liability is limited to the additional amount it would ordinarily cost to get a similar loan from another lender. As comment (d) to § 351 of the Restatement notes: "In most cases, then, the lender's liability will be limited to the relatively small additional amount that it would ordinarily cost to get a similar loan from another lender."
But the Restatement goes on to note the substantive law as to damages: "However, in the less common situation in which the lender has reason to foresee that the borrower will be unable to borrow elsewhere or will be delayed in borrowing elsewhere, the lender may be liable for much heavier damages based on the borrower's inability to take advantage of a special opportunity . . . his (sic) having to postpone or abandon a profitable project . . . or his forfeiture of security for failure to make a prompt payment. . . ."
Of course the Restatement language cannot change our pleading requirements but it does provide the substantive law context in which the language of the complaint can be reviewed on the fair notice requirement. Thus, as noted, paragraph 10 stated as a result of the contractual breach "the counter plaintiff (Saldamarco) has suffered and will continue to suffer serious monetary damage."[1]
A party aware of the substantive law would understand that in reading this paragraph the counterclaim plaintiff, Saldamarco was not merely making a claim for the increased cost of money. If that were so, how could there be an allegation that he "will continue to suffer serious monetary damage"? The increased cost of money is a fixed damage item that is determined with reference to loan rates in the money markets, a predetermined amount ascertainable at or around the time the line of credit was cut off, thus something Saldamarco "had suffered" at the time suit was brought. Thus, the bank had notice that a claim was being made that went beyond one for the increased cost of money. CT Page 5364
A request to revise could have been filed, interrogatories and discovery could have been pursued. The bank argues it "should not be precluded from claiming surprise because (it) failed to request to revise the complaint so that it state special damages with legal sufficiency." (Page 3 of Reply Brief). But "legal sufficiency" is not necessarily the test. In other words, obviously a request to revise would have been granted here because the factual predicate for the broad claim in paragraph 10 is not set forth if a motion to strike could lie against individual paragraphs of a complaint, it could also be granted here since paragraph 10 is not supported by the necessary factual allegations required by the Restatement to permit a damage claim going beyond the mere added cost of money.
But the Practice Book provisions that allow requests to revise provide in part a mechanism whereby counsel can inform themselves of the scope of the claim and limit evidence at trial to the actual claim being made. Neither such requests nor interrogatories were filed. This is not a case where no notice was given of a damage claim beyond that ordinarily made in a case of this type. Rather, the claim was overly broad and vague and not supported by appropriate factual allegations. The court, under these circumstances, cannot say there was that unfair surprise which would bar a claim here for special damages. In fact, in the memorandum attached to its motion in limine counsel for the bank says:
"Further, the speculative and unsupportable nature of the defendant's damage claim is illustrated by the fact that on August 7, 1996, defendant testified under oath at deposition, that he had no damage calculation because he and his attorney were `still working on it.'"
This is not a case where the bank had no notice of a claim for special damages or perhaps, better put, were misled into thinking the claim was confined to one for the increased cost of money. Why was the above subject matter even pursued at the deposition by counsel if that were the case? It may be true that the claim for special damages is speculative and not supportable given the substantive law requirements necessary to make such a claim but that is a different question from the one as to whether, as a result of pleading rules, the claim can be made at all.
I will not grant the motion in limine but, given the CT Page 5365 circumstances in this case, the bank should be given reasonable time to conduct further discovery and secure expert witnesses and, if that means the trial cannot go forward on the date it is scheduled to commence, a continuance would probably be appropriate.
Corradino, J.